UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VIJAY SANGAR, M.D., Ph.D,**<br><br>  Plaintiff,<br><br>  v.<br><br>**PETE GEREN, Acting Secretary of the Army,**<br><br>  Defendant. | Civil Action No. **06cv2015** (CKK) |

## SCHEDULING AND PROCEDURES ORDER[1]
### (JUDGE KOLLAR-KOTELLY)

In order to administer the above-captioned civil case in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost,

it is this  27th  day of March, 2007,

**ORDERED** that counsel for the plaintiff and the defendant are directed to comply with each of the following directives: [2]

**SUMMARY JUDGMENT:**

The parties shall comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1. The Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002).

---

[1]   Revised on October 2006

[2]   The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions.

A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts. At all points, parties must furnish precise citations to the portions of the record on which they rely.

Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7, formerly Rule 108(h) (which is the same as rule 56.1). The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.

1. Defendant's *Response to Complaint*   due no later than April 3, 2007 ;
2. Defendant's *Opposition to Plaintiff's Motion for Summary Judgment*   due no later than April 3, 2007 ;
3. Defendant's *Motion to Dismiss, in part, and Motion for Summary Judgment, in part*   due no later than April 3, 2007 ;
4. Plaintiff's *Reply to Defendant's Opposition to Plaintiff's Summary Judgment Motion*   due no later than April 20, 2007 ;
5. Plaintiff's *Opposition to Defendant's Motion for Summary Judgment*   due no later than May 14, 2007 ;
6. Defendant's *Reply to Plaintiff's Opposition, if any*,   due no later than May 25, 2007 ;

7. The Court shall set a Status Conference at a later date.

Dates for the pretrial conference, motions *in limine*, *voir dire* and trial will be set at the final status hearing, if necessary. The above scheduled dates in this case (06cv2015) are firm.

| | |
|---|---|
| March 27, 2007<br>Date | /s/<br>**COLLEEN KOLLAR-KOTELLY**<br>United States District Judge |