# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VIJAY SANGAR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 06-2015 (CKK)** |
| | ) |
| **THE HONORABLE PETE GEREN** | ) |
| **Acting Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |
| —————————————————————— | ) |

## RESPONSE TO THE COURT'S ORDER TO SUPPLEMENT THE RECORD

In a minute Order dated February 26, 2008, this Court noted that the Defendant's prior filings with this Court cited to pages in the Administrative Record higher than page 404 even though the Administrative Record filed with the Court only contained 404 pages. Accordingly, the Court Ordered "Defendant to supplement the record, either by filing the additional pages of the record or by correcting the citations in his Statement of Material Facts, no later than February 28, 2008." (Minute Order, Feb. 26, 2008).

Pursuant to this Order, the Defendant, through undersigned counsel, respectfully notifies the Court that the record previously submitted inadvertently omitted pages 405- 492 of the Administrative Record. Accordingly, the Defendant hereby supplements the Administrative Record to include the omitted pages.  A complete copy of the Administrative Record will be filed with the Clerk of the Court and served upon Plaintiff in electronic form on CD ROM rather than electronically via ECF, in accordance with Local Civil Rule 5.4(e)(1)(B).   A courtesy copy of the Administrative Record on paper will also be provided to the Court.


Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C.  20530
(202) 353-9895

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28 day of February, 2008 a copy of the foregoing Response to

the Court's Order to Supplement the Record has been served on Plaintiff by First-Class mail;

postage prepaid to:

Vijay Sangar, Ph.D., M.D.
10208 Cross Haven Court
Rockville, Maryland 20850
(301) 251-1918

_____/S_____
BRIAN C. BALDRATE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780



**DEPARTMENT OF THE ARMY**
WALTER REED ARMY MEDICAL CENTER
WALTER REED HEALTH CARE SYSTEM
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF
MCAT-JA (600-8-24)

1 1 FEB

MEMORANDUM FOR RECORD

SUBJECT: Report of Proceedings for Board of Inquiry Concerning LTC Vijay K. Sangar, ███████ B Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC 20307-5001

1. The Board of Inquiry concerning LTC Vijay K. Sangar was held at 0800 hours, at Walter Reed Army Medical Center on 16 December 2002.

2. The following is provided in reference to the report of proceeding IAW AR 600-8-24, paragraph 4-15c(1)(j)(3) and Figure 4-2. According to Figure 4-2, the recorder of the board and the appointing authority (or his or her designated representative) should answer the following questions with a yes or no response and attest to the response by entering the date and their signatures (including rank) at the completion of the questions.

| | | |
|---|---|---|
| 1. | Was respondent served with a notice to show cause (paras. 4-18 through 4-23)? | YES |
| 2. | If respondent made an election other than to appear, was appropriate action taken (paras 4-24 and 4-25)? | N/A |
| 3. | Were the orders appointing the board issued by the GOSCA (para 4-6f)? | YES |
| 4. | Did the order appointing the board designate a respondent's counsel (para 4-12a)? | YES |
| 5. | Is the board comprised of three or more officers of proper grade and one or more recorders, and is each qualified (para 4-7)? | YES |
| 6. | If the respondent is a non-Regular Army officer, was one or more members of the board a Reserve component officer (para 4-7a)? | N/A |
| 7. | Do the appointing orders clearly specify the matter to be investigated and cited specifically the regulations which the board is convened (AR 15-6, para 2-1b)? | YES |
| 8. | Was an officer of The Judge Advocate General's Corps designated as recorder (para 4-9a)? | YES |
| 9. | Was a civilian court reporter erroneously employed (AR 15-6, para 2-2)? | NO |
| 10. | Does the record show at the outset of each session the time, date, place, and station; and does it also show the time of each closing (para 4-9d(5))? | YES |
| 11. | Were all orders appointing the board and appointing personnel read by the recorder at the initial session, and are they attached to the records as exhibits (para 4-9d(4))? | YES |
| 12. | Were at least three members or such larger number as constitutes a majority of those detailed as members, present at all hearings (para 4-7a)? | YES |
| 13. | At the opening of each session, did the recorder note for the record the presence of members of the board and the respondent and his or her counsel, if any (para 4-9d(5))? | YES |
| 14. | If a member was absent or a new member was appointed, was the record read by and were all prior proceedings made known to, him or her before the proceedings continued (AR 15-6, para 5-2 d)? | YES |
| 15. | Does the record show that the officer concerned was notified by the GOSCA of show cause action and furnished substance of the grounds at least 30 days prior to convening of a board (paras 4-8 b, 4-11b)? | YES |
| 16. | Does the record show that the officer concerned was given at least 10-days notice of the time and | YES |

**000405**

MCAT-JA

SUBJECT: Report of Proceedings for Board of Inquiry Concerning LTC Vijay·K. Sangar, ▮▮▮▮▮▮▮▮ B Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC 20307-5001

| 16. | Does the record show that the officer concerned was given at least 10-days notice of the time and place of the convening of the board (para 4-9d(1))? | YES |
|---|---|---|
| 17. | Does the record show that at a sufficiently early date, the respondent had access to and was furnished copies, if desired, of all releasable records and documents referred to the board (para 4-9d(2))? | YES |
| 18. | Was the respondent advised by the president of his or her rights and privileges as prescribed by paragraph 4-8 g? | YES |
| 19. | a. Did the president ask the members of the board to state any facts known to them that they believe might be grounds for challenge for cause (para 4-8f)? | a. YES |
|  | b. Was the respondent extended the right to challenge any member of the board for cause (para 4-11d)? | b. YES |
| 20. | Was action of the board on challenges proper (para 4-11d)? | N/A |
| 21. | Were the members of the board sworn by the recorder, and was the recorder sworn by the president (para 4-9 d and 4-8e)? | YES |
| 22. | Does the record show that at the outset of the proceedings the members refreshed their memories as to the contents of the records, documents, and reports furnished with the case (para 4-8 f)? | YES |
| 23. | Was the respondent permitted counsel of his or her own selection under the conditions set forth in paragraphs 4-11a, 4-12a, and 4-12 b)? | YES |
| 24. | Did the president advise the respondent of his or her right to present pertinent evidence (para 4-11 f)? | YES |
| 25. | Did the president ask the respondent to state for the record whether he or she desired a copy (para 4-11 c)? | YES |
| 26. | Were spectators other than those specifically requested by the respondent or as authorized by the appointing authority, present during the proceedings (para 4-14)? | N/A |
| 27. | a. Was the respondent at all open sessions of the board, unless the respondent was excused by the President of the Board and expressly waived his or her right to attend (para 4-11)? | a. YES |
|  | b. Was the respondent counsel at all open sessions of the board, unless his or her absence was expressly excused by the president of the board (para 4-12 d)? | b. YES |
| 28. | Were all witnesses, including the respondent if he or she elected to testify, sworn (para 4-13d and 4-11f(4))? | a. YES |
|  | b. Were they sworn by the president or recorder (para 4-9d(6) and AR 15-6, para 3-1)? | b. YES |
| 29. | Was the respondent advised of his or her rights under the Uniform Code of Military Justice, Article 31, where appropriate (para 4-11f and AR 15-6, para 5-5)? | YES |
| 30. | Is a copy of the psychiatric report made part of the record (para 4-3 and table 4-3, as appropriate)? | N/A |
| 31. | If hospitalization for observation or treatment was directed by the board, were the proceedings suspended, pending final medical disposition (para 4-3c)? | N/A |
| 32. | If evidence was submitted through a deposition (para 4-13a), was it taken as provided in the Uniform Code of Military Justice, article 49 (AR 15-6, para 13b)? | N/A |
| 33. | If evidence on behalf of the Government was procured by affidavit or correspondence, was the respondent given reasonable notice and afforded an opportunity to meet adverse allegations (para 4-11c and AR 15-6, para 5-8)? | YES |
| 34. | Did the board insist on the highest quality of evidence reasonably obtainable and available (AR 15-6, para 3-15)? | YES |
| 35. | Are all exhibits properly identified in and bound with the record (AR 15-6, para 3-15)? | YES |
| 36. | Was the respondent afforded reasonable opportunity to present his or her case (paras 4-11b, c; 4-8a; 4-9 d(1) and (2); 4-11f(2), (3), and (4))? | YES |
| 37. | Before the hearing was terminated and near the end, was the respondent asked by the president to state for record whether he or she had presented all evidence available in his or her own behalf (para 4-11j)? | YES |

MCAT-JA
SUBJECT:  Report of Proceedings for Board of Inquiry Concerning LTC Vijay K. Sangar,
███████████ B Company, Medical Center Brigade, Walter Reed Army Medical Center,
Washington, DC  20307-5001

| | | | |
|---|---|---|---|
| | the record of the substance of the expected evidence, and was all documentary evidence referred to in the statement included in the record (para 4-11j)? | |
| 39. | Was the action of the board on requests by the respondent for additional time to procure and present evidence appropriate (para 4-11j)? | N/A |
| 40. | Did the board make proper findings and include data required by paragraph 4-15b(1)? | YES |
| 41. | Are the findings supported by substantial evidence (AR 15-6, para 3-9)? | YES |
| 42. | Does the recommendation conform to and is it limited to one of the permissible prescribed forms (para 4-15 b(2))? | YES |
| 43. | Were the findings and recommendation of the board determined in closed session by secret ballot, a majority of the members present at the time the vote was taken concurring in each (para 4-15 b(1))? | YES |
| 44. | Were the findings and recommendation announced to the respondent as soon as they were finally determined (para 4-15 b(5))? | YES |
| 45. | Was the record prepared by the recorder or under his or her supervision (AR 15-6, para 5-3)? | YES |
| 46. | Were the requirements of AR 15-6, paragraphs 3-13 through 3-19, complied with in preparing the record? | YES |
| 47. | a. Is the record authenticated by the signatures of all members present at the deliberations on the findings and recommendation and also by that of the recorder (AR 15-6, para 3-16)? b. If any of the foregoing persons were unable to authenticate the record because of death, disability, or absence, is the reason stated following the authentication by the officers (AR 15-6, para 3-16)? | a. YES b. N/A |
| 48. | Is the record prepared in duplicate, each complete with all exhibits appended (para 4-15c)? | YES |
| 49. | Has the respondent's counsel examined the record of the Board of Inquiry hearing and so indicated by his or her signature following the authentication? | YES |

3.  The point of contact is the undersigned at (202) 782-3288.


ANDREW C. TOBMAN
CPT, JA
Recorder



KEVIN C. KILEY
MAJOR GENERAL, MC
Commanding

3

000407

# RECORD OF BOARD PROCEEDING

**LTC Vijay K. Sangar,** ████████ **B Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC  20307-5001**

Board of Inquiry under appointment by Commander, Walter Reed Army Medical Center (WRAMC), Washington, DC, 20307-5001, held at 0807 hours, Building 6, DCI Conference Room, Walter Reed Army Medical Center, on 16 December 2002.

## Persons Present:

COL James R. Greenwood, President
COL, Carol F. Adair, Member
COL Wellington Sun, Member
LTC Vijay K. Sangar, Respondent
CPT Thomas Crumley, Counsel for the Respondent
Mr. Frank Spinner, Counsel for the Respondent
CPT Andrew C. Tobman, Recorder
CPT Jennifer Crawford, Assistant Recorder
CPT Jennifer Kim, Legal Advisor
CPT Eric M. O'shea, Alternate Legal Advisor
SGT David R. Ventura-Grande, Reporter

### Proceedings of a Board of Inquiry

Both the respondent and the government made no request for certain persons to be admitted to attend the proceedings as spectators.

As for further spectators, as the appointing authority has not specifically authorized the presence of any spectators during the proceedings, no unauthorized persons will be permitted to attend this hearing.

The Memorandum of Appointment is attached.

The Memorandum of Referral of Respondent is attached.

The reporter was sworn in.

The defense counsel challenged the president of the board under AR 600-8-24, paragraph 4-7f(6), for lack of impartiality.

The board recessed at 0815 hours, 16 December 2002, to determined if the president of the board should be replaced.

The board reconvened at 0825 hours, 16 December 2002.

**000408**

All parties present when the board recessed were again present.

COL James R. Greenwood being the senior unchallenged board member determined that COL Maria H. Sjogren, the president of the board, will not participate in the board due to her prior involvement with the respondent's case.

The board recessed at 0827 hours, 16 December 2002, to wait for alternate board member.

The board reconvened at 0900 hours, 16 December 2002.

All parties present when the board recessed were again present.

COL Maria H. Sjogren was dismissed from her duties as president of the board, COL James R. Greenwood replaced COL Maria H. Sjogren as president of the board, COL Carol F. Adair, an alternate board member, was called and became the third board member.

No challenges by the government counsel.

The recorder swore in the members of the board.

The president of the board swore in the recorder and legal advisor.

The Memorandums of Notification are attached.

The president of the board read the respondent his rights.

The elimination packet is attached.

The board recessed at 0923 hours, 16 December 2002, to review the elimination packet, and Government Exhibit 1, and Defense Exhibit 1.

The board reconvened at 1034 hours, 16 December 2002.

All parties present when the board recessed were again present.

The recorder makes an opening statement.

The defense counsel makes an opening statement.

COL Dale K. Block was called as a witness, sworn and testified in substance as follows:

### QUESTION BY THE RECORDER

Dale K. Block, COL, U.S. Army. My present duty assignment is Walter Reed Headquarters Company Pentagon. I came familiar with LTC Sangar through the credentials committee, the

2

000409

only things I was able to see were the actions that were brought to the credentials committee. The first action was a supervision action, which was back in 1997. He was placed under one year and half supervision process, from July 1997 until January 1999. During that time he was under a performance improvement plan, which was prescribed by the chief of nuclear medicine. On the first Friday of every month, the credentials committee would received a follow up report from the chief of nuclear medicine, and on January 1999 the chief of nuclear medicine stated in the report that there was no progression, therefore the credentials committee voted to suspend LTC Sangar's privileges in February 1999. The board did take his CIDP into consideration prior to processing the proceedings to supervise then to suspend and revoke his privileges. The PEB determines whether or not the individual is fit for duty, but has nothing to do with competency and its not related to the credentials hearing.

The Respondent's counsel requested a recess to consult with his client.

The board recessed at 1112 hours, 16 December 2002.

The board reconvened at 1115 hours, 16 December 2002.

All parties present when the board recessed were again present.

QUESTION BY THE DEFENSE COUNSEL

During the period that LTC Sangar was being evaluated he was diagnosed with having e a CIDP. I am aware that this year 2002, he has been diagnosed as fit for duty and is not suffering from CIDP. I was not aware that the army reported to the National Practitioner Data Bank that the reason for his revocation of clinical privileges was his cognitive impairment from demyelinating disease. I am not aware of any report of malpractice or any questions about his credentials or anything of that sort that came from Fort Leonard Wood during the time that LTC Sangar was assigned there, there is no indication that he had any problems performing his duties.

QUESTIONS BY THE BOARD

LTC Sanger mentioned that he was diagnosed with having a CIDP and was on steroids and that they were affecting his cognition, and his ability to function. I do not think his poor performance was not due to his CIDP.

The witness is excused.

The Recorder requested a recess until 1300 hours awaiting arrival of his next witness.

The board recessed at 1200 hours, 16 December 2002.

The board reconvened at 1317 hours, 16 December 2002.

All parties present when the board recessed were again present.

3

**000410**

COL Michael P. Brazaitis was called as a witness, sworn and testified in substance as follows:

### QUESTION BY THE RECORDER

COL Michael P. Brazaitis, COL, U.S. Army. I am a diagnostic radiologist and a chairman of the department of radiology at Walter Reed Army Medical Center, a position I have held since April 1996. LTC Sangar was assigned to the nuclear medicine service, which is one of the three services of the department of radiology. All new faculty are looked at very carefully and monitor, and are in probation for the first year. During the monitoring period it was determined that LTC Sangar was interpreting studies that were outside of the norm that we have come to expect from interpretation, when we looked at his studies on a monthly basis there were more mistakes made by LTC Sangar then by other members in the department. We had a third party review the department's cases to eliminate any bias, 78 percent of LTC Sangar's cases had either major or minor discrepancies. Prior to 1999 I had ample opportunity to review his work, normally I would have his senior rater, but I was his rater to eliminate any bias in the department, also because I had established the performance improvement plan. The performance improvement plan sets goals and a set of steps to get to those goals.

### QUESTION BY THE DEFENSE COUNSEL

The last time I had an opportunity to be involved in evaluating LTC Sangar was back in 1999. I am not aware of any report of malpractice or adverse actions from Fort Leonard Wood during the time LTC Sangar was assigned there, there is no indication that he failed to perform his duties.

### QUESTIONS BY THE BOARD

His evaluation started a few months after his arrival to Walter Reed. Low productivity is not grounds for credential actions, low productivity would probably be reflected on his OER. I don't believe his CIDP was caused for his low productivity because we had about one year and a half of supervision before he was diagnosed with CIDP.

The witness is excused.

The Government has nothing further to offer.

The board recessed at 1400 hours, 16 December 2002.

The board reconvened at 1418 hours, 16 December 2002.

All parties present when the board recessed were again present.

Dr. George R. Brown, was called as a witness, sworn and testified in substance as follows:

### QUESTION BY THE DEFENSE COUNSEL

George Richard Brown, M.D., I'm a professor and associate chairman of psychiatry in the

4

**000411**

Department of psychiatry in East Tennessee State University. My evaluation packet of LTC Sangar was originally used in the MEB in which I testified telephonically. As of October 2001, LTC Sangar is not suffering from a psychiatric disorder. I believed he was impaired from April or May 1997 until about April 2001. His ability to learn new information was impaired and he was not able to benefit from the performance improvement plan, during the time he was on treatment. There was no way for LTC Sangar to benefit from the performance improvement plan because he couldn't learn new information while he had the disease. LTC Sangar should be allowed to continue on active duty under supervision of someone who is not bias.

### QUESTION BY THE RECORDER

My best approximation of the time period that LTC Sangar was impaired is from April or May 1997 until about April 2001, I'm probably off by a month or two. Symptoms are variable from patient to patient but usually they occur over the course of weeks or months, patients might not be aware of the illness or of the symptoms. The earliest he was suffering from CIDP had to be February 1997.

The witness is excused.

The board recessed at 1525 hours, 16 December 2002, and will reconvened at the Department of Endocrinology Conference Room, Building 2, 7th Floor, room 7E09.

The board reconvened at 0825 hours, 17 December 2002.

All parties present when the board recessed were again present, with exception to CPT Jennifer Kim, Legal Advisor, who was absent and substituted by CPT Eric M. O'shea, Alternate Legal Advisor.

The president of the board swore in CPT Eric M. O'shea, the alternate legal advisor.

Dr. Lawrence E. Holder, was called as a witness, sworn and testified in substance as follows:

### QUESTION BY THE DEFENSE COUNSEL

Dr. Lawrence E. Holder, I'm a clinical professor in radiology in the university of Florida. In 1999 I was a professor of radiology and head of the division of nuclear medicine at the university of Maryland. I am a member of the American Board of Nuclear Medicine. I was involved with the credential hearing because I did an independent review of LTC Sangar's case studies, I also testified at the hearing. At the hearing I gave my opinion about LTC Sangar's ability to practice medicine, I testified that he was competent to practice nuclear medicine based on my reviews of his cases. I didn't take his CIDP into consideration while doing his reviews.

### QUESTION BY THE RECORDER

I didn't discuss my reviews of LTC Sangar's cases with LTC Sangar. There are no interactive portions to the exam, and there are no discussions between physicians during the exam.

000412

## QUESTIONS BY THE BOARD

There were disagreements between my reviews and the reviews of other physicians, specifically about major and minor discrepancies. The cases I review were not selected by LTC Sangar.

The respondent invoked his right to remain silent.

LTC Vijay K. Sangar called as a witness, sworn and testified in substance as follows:

### QUESTION BY THE DEFENSE COUNSEL

At Fort Leonardwood our chief would pick up cases at random and reviewed them on a monthly basis. There were no issues as far as adverse action, adverse reports, malpractice claims or anything that came out while I was assigned there. In May 1997, I was beginning to feel very weak that's when I realized something was wrong with me. February 1997 was the last time I practiced nuclear medicine, I had to study on my own in order to pass the exam. In 1997 I filed an IG complaint against COL Rodriguez, there was a personality conflict between the two of us.

### QUESTION BY THE RECORDER

I had problems with my supervisor from the very beginning that is why COL Brazaitis was my rater. I didn't know that my poor performance was due to my CIDP.

### QUESTIONS BY THE BOARD

I have been in the Army for 14 and a half years. I don't think Walter Reed would not be a good place for me to come back because there is too much conflict. I am asking the board to give me a chance to practice medicine under supervision for a specified time. I was on steroids for about 2 years.

The witness is excused.

The board recessed at 1010 hours, 17 December 2002.

The board reconvened at 1035 hours, 17 December 2002.

All parties present when the board recessed were again present.

The recorder makes a closing argument.

The defense counsel makes a closing argument.

Neither the recorder nor the counsel for the respondent having anything further to offer, the board was closed at 1105 hours, 17 December 2002.

6

**000413**

The board opened at 1243 hours, 17 December 2002, to read the Findings and Recommendations.

All parties present when the board closed are again present.

The board having carefully considered the evidence before it finds that LTC Sangar has some of the substandard performance of duty stated in the Memorandum of Initiation of Elimination, as follows: It is the opinion of the board that the cited downward trend in OERs from July 97 thru Nov 99 is potentially attributable to LTC Sangar's diagnosed CIDP. The two OERs covering the period Nov 99 thru Nov 01 do not address a downward trend, but address the fact that he is not performing as a Nuclear Medicine Physician. Furthermore, there is disagreement among Nuclear Medicine Experts concerning his qualifications.

The board recommends that LCT Sangar be retained in the service with reassignment with a period of supervision to assess his suitability to be credential and practice as a Nuclear Medicine Physician.

The board adjourned at 1255 hours, 17 December 2002.

000414

### Findings and Recommendations

The Board opened at ___1242___ hours, December 2002.

**PRES:** The Board is open.

**RCDR:** Let the record show that all members present when the Board was closed, the respondent, counsel, recorder, and reporter are again present.

**PRES:** LTC Sangar, it is my duty as president of this Board of Inquiry to inform you that the Board in closed session and on secret ballot, a majority of the members present at the time the vote was taken concurring, has made the following findings and recommendations:

### Findings:

The Board having carefully considered the evidence before it finds the following:

1. _____ That you have a substandard performance of duty as stated in the Memorandum of Initiation of Elimination.

2. __X__ That you have some of the substandard performance of duty stated in the Memorandum of Initiation of Elimination, as follows: It is the opinion of the Board that the cited downward trend in OERs from July 97 thru Nov 99 is potentially attributable to LTC Sangar's diagnosed CIDP. The two OERs covering the period Nov 99 thru Nov 01 do not address a downward trend, but address the fact that he is not performing as a Nuclear Medicine physician. Furthermore, there is disagreement among Nuclear Medicine Experts concerning his qualification.

3. _____ That you do not have any of the substandard performance of duty stated in the Memorandum of Initiation of Elimination.

In view of such findings, the board recommends:

1. _____ That you be separated from the service.

2. __X__ That you be retained in the service (with) (~~without~~) reassignment with a period of supervision to assess your suitability to be credentialled and practice as a Nuclear Medicine physician.

**PRES:** The matter before this Board of Inquiry having been determined, the proceedings are ended. The proceedings were completed at ___1243___ hours, 17 December 2002.

11

**000415**



**DEPARTMENT OF THE ARMY**
U.S. ARMY MILITARY DISTRICT OF WASHINGTON
103 THIRD AVENUE
FORT LESLEY J. McNAIR, DC  20319-5058

REPLY TO
ATTENTION OF

ANCG  (600-8-24)                                                        2 3 AUG 2002

MEMORANDUM FOR Commander, Walter Reed Army Medical Center, Washington, DC
20307-5001

SUBJECT:  Delegation of GOSCA Authority – LTC Vijay K. Sangar, ███████

1.  Under the provisions of Army Regulation 600-8-24, paragraph 4-6e, I delegate authority to
you to act as the General Officer Show Cause Authority (GOSCA) in the officer elimination case
of  LTC Vijay K. Sangar, ███████ B Company, Medical Center Brigade, Walter Reed
Army Medical Center, Washington, D.C., 20307-5001.

2.  Point of contact is CPT Marcus B. Simon at 202-685-2987.

JAMES T. JACKSON
Major General, USA
Commanding

**000416**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-CG

MEMORANDUM FOR Commander, Military District of Washington, Fort Lesley J. McNair, Washington, DC 20319-5058

SUBJECT: Request for Delegation as GOSCA – Lieutenant Colonel Vijay K. Sangar, ███████
████

1. Request delegation as General Officer Show Cause Authority to initiate elimination action under AR 600-8-24, to dispose of the following incident against a commissioned officer in my command and under your general court-martial jurisdiction:

   AR 600-8-24, paragraph 4-2a(1)(5): for downward trend in overall performance resulting in a consistent record of mediocre service and failure to perform assignments commensurate with your grade and experience.

   Name:  VIJAY K. SANGAR
   Rank:  LTC
   SSN:  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
   Unit:  B Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC 20307-5001

2. A complete case file is enclosed [Enclosures 1 and 2].

2 Encls
1. Supporting Documents
2. ORB

KEVIN C. KILEY
Major General, MC
Commanding

**000417**



**DEPARTMENT OF THE ARMY**
U.S. ARMY MILITARY DISTRICT OF WASHINGTON
103 THIRD AVENUE
FORT LESLEY J. McNAIR, DC 20319-5058

REPLY TO
ATTENTION OF

ANJA-CL (600-8-24)

2 3 AUG 2002

MEMORANDUM FOR Commander, U.S. Army Military District of Washington, Fort Lesley J. McNair, Washington, DC 20319-5058

SUBJECT: Initiation of a Board of Inquiry – LTC Vijay K. Sangar, ██████████

1. On 26 March 2002, MG Lawrence R. Adair, Commanding General, U.S. Total Army Personnel Command, forwarded a request for the initiation of Show Cause Proceedings in the case of LTC Vijay K. Sangar to the Walter Reed Army Medical Center (WRAMC).

2. Army Regulation 600-8-24, paragraph 4-6e, provides that you are the General Officer Show Cause Authority (GOSCA) for all Army officers assigned or attached to the U.S. Army Military District of Washington. As the General Court-Martial Convening Authority for Army personnel assigned to WRAMC, you are the GOSCA for LTC Sangar. The regulation, however, allows you to delegate that authority to another officer who could otherwise act as a GOSCA. The Commanding General, WRAMC, is an officer to whom this authority may be delegated.

3. MG Kevin C. Kiley, Commander, Walter Reed Army Medical Center, has requested you delegate your authority as GOSCA in this case to him.

4. I recommend that this request be (approved) (disapproved).

MICHAEL J. HENRY
LTC, JA
Acting Staff Judge Advocate

**000418**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF
MCAT-CG (600-8-24)

0 4 DEC 2002

MEMORANDUM FOR Center Judge Advocate, Walter Reed Army Medical Center, Washington, DC 20307-5001

SUBJECT: Request for Appointment of Alternate Board Recorder

Under the provisions of AR 600-8-24, paragraph 4-9(a), your request that CPT Andrew C. Tobman be appointed as alternate recorder to serve on the board of inquiry pertaining to **LTC Vijay K. Sangar** is hereby **(approved)** (~~disapproved~~).

KEVIN C. KILEY
Major General, USA
Commanding

**000419**



**DEPARTMENT OF THE ARMY**
WALTER REED ARMY MEDICAL CENTER
WALTER REED HEALTH CARE SYSTEM
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-JA  (600-8-24)                                    0 4 DEC 2002

MEMORANDUM FOR Commander, Walter Reed Army Medical Center, Washington,
DC 20307-5001

SUBJECT:  Request for Appointment of Alternate Board Recorder

1.  In accordance with AR 600-8-24, you appointed a board by memorandum, this
Headquarters, Walter Reed Army Medical Center, Washington, DC 20307-5001, dated
07 October 2002, to determine whether **LTC Vijay K. Sangar,** ████████ B
Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC
20307-5001, should be separated from the service **(Encl 1)**.

2.  You appointed CPT Marcus B. Simon, Office of the Staff Judge Advocate, Military
District of Washington, ATTN: ANJA-CL, Bldg. 32, 103 Third Avenue, S.W., Fort
McNair, Washington, DC 20319-5058, (202) 685-4573 to serve as United States recorder
without vote.

3.  AR 600-8-24, paragraph 4-9(a), states that alternate or assistant recorders may be
detailed to the Board of Inquiry.  I request that you appoint CPT Andrew C. Tobman,
Office of the Staff Judge Advocate, as substitute for CPT Simon, to serve as the alternate
recorder without vote, and to present and handle the Government's case.

Encl
as
                              JOHN H. NOLAN III
                              COL, JA
                              Center Judge Advocate

**000420**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

0 7 OCT 2002

MCAT-JA (600-8-24)

MEMORANDUM FOR COL Maria H. Sjogren, Medical Center Brigade, Walter Reed
Army Medical Center, Washington, DC 20307-5001

SUBJECT: Appointment of Board of Officers

1. A board is hereby appointed pursuant to AR 600-8-24 to determine whether **LTC
Vijay K. Sangar,** ████████ B Company, Medical Center Brigade, Walter Reed
Army Medical Center, Washington, DC 20307-5001, should be separated from the
service.

2. LTC Vijay K. Sangar is hereby referred to this board as a respondent.

3. The following members are appointed to the board:

   COL Maria H. Sjogren, DCI, Walter Reed Army Medical Center, Washington, DC
20307-5001, (202) 782- 6389, **(President).**

   COL James R. Greenwood, NARMC, Walter Reed Army Medical Center,
Washington, DC 20307-5001, (202) 782-6393, **(Member).**

   COL Wellington Sun, WRAIR, Walter Reed Army Medical Center, Washington, DC
20307-5001, (301) 319-9493, **(Member).**

   COL Chandra A. Prabha, DPALS, Walter Reed Army Military Army Medical Center,
Washington DC 20307, (202) 782-7744, **(Alternate Member).**

   COL Carol F. Adair, DPALS, Walter Reed Army Military Army Medical Center,
Washington DC 20307, (202) 782-2020, **(Alternate Member).**

4. CPT Marcus B. Simon, Office of the Staff Judge Advocate, District of Washington,
ATTN: ANJA-CL, Bldg. 32, 103 Third Avenue, S.W., Fort McNair, Washington, DC
20319-5058, (202) 685-4573 is appointed as United States recorder without vote.

5. U.S. Army Trial Defense Service, Building 229, Fort Myer, VA 22211, (703) 696-
6700 will appoint respondent's counsel.

**000421**

MCAT-JA
SUBJECT:  Appointment of Board of Officers

6.  CPT Jason A. Barocas, Office of the Center Judge Advocate, Walter Reed Army
Medical Center, ATTN: MCAT-JA, Bldg. 1, 6900 Georgia Avenue, N.W., Washington,
DC 20307-5001, (202) 782-3744, is appointed as the legal advisor to the President of the
board.

7. The board will meet at the call of the President.  The board will follow the procedures
in AR 600-8-24, supplemented by the procedures in AR 15-6, which are applicable to
formal boards with a respondent.

FOR THE COMMANDER:

CATHERINE M. WITH
MAJ, JA
Deputy Center Judge Advocate

CF:
1 - Board Members
1 - Board Recorder
1 - Respondent's Counsel
1 - Legal Advisor
1 - Respondent

2

000422



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-JA (600-8-24)                                      **0 7 OCT 2002**

MEMORANDUM FOR COL Maria H. Sjogren, Medical Center Brigade, Walter Reed
Army Medical Center, Washington, DC 20307-5001

SUBJECT: Referral of Respondent

1. Reference memorandum, this headquarters, dated 26 September 2002, Subject:
Selection of Board of Inquiry (Encl 1).

2. LTC Vijay K. Sangar, ████████████ B Company, Medical Center Brigade, Walter
Reed Army Medical Center, Washington, DC 20307-5001, is hereby designated as a
respondent before the board appointed by the referenced memorandum. The board will
consider whether LTC Sangar should be separated from the military IAW AR 600-8-24,
paragraph 4-2a (1)(5) for downward trend in overall performance resulting in consistent
record of mediocre service, and failure to perform assignments commensurate with his
grade and experience.

3. CPT Marcus B. Simon, JA, has been designated as the Board Recorder. CPT Jason A.
Barocas, JA, will be your legal advisor.

4. The board will meet at the call of the President. It will use the procedures set forth in
AR 600-8-24, Chapter 4, Section II, supplemented by the procedures in AR 15-6
applicable to formal boards with respondents. All members will be sworn IAW AR 15-6.

5. The President will ensure that prior to recommending a characterization of service, if
applicable, each member of the board will be familiar with AR 600-8-24, Chapter 1,
Section III, paragraph 1-21 (21 July 1995).

6. Report of proceedings will be prepared according to general instructions set forth in

**000423**

MCAT-JA
SUBJECT: Referral of Respondent


AR 15-6, chapter 3, section III.  DA Form 1574 (Report of Proceedings by Investigating Officer/Board of Officers) will be prepared to accompany the summarized proceedings.

Encl                                                    CATHERINE M. WITH
                                                        MAJ, JA
                                                        Deputy Center Judge Advocate

CF:
1 – COL Sjogren, President
1 – CPT Simon, Board Recorder
1 – TDS, Respondent's Counsel
1 – LTC Sangar, Respondent
1 – CPT Barocas, Legal Advisor

2

**000424**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCHL-MCB

0 7 OCT 1998

MEMORANDUM FOR **LTC Vijay K. Sangar,** ███████ B Company, Medical
Center Brigade, Walter Reed Army Medical Center Washington, DC 20307-5001

SUBJECT: Notification of Rights – Elimination Action

1. A board of inquiry has been appointed to determine whether you should be separated
from the military IAW AR 600-8-24, paragraph 4-2a(1)(5): for downward trend in
overall performance resulting in an unacceptable record of efficiency, or a consistent
record of mediocre service, and failure to perform assignments commensurate with your
grade and experience. Your appearance before the board of inquiry represents your only
opportunity to appear personally in your own behalf prior to final action by the United
States Total Army Personnel Command (PERSCOM).

2. In addition to the rights provided in AR 600-8-24, Section II, paragraph 4-11, you
have the right to a counsel who is an officer of the Judge Advocate General's Corps, or to
obtain civilian counsel of your own selection at no expense to the Government, provided
that procurement of civilian counsel does not result in unreasonable delay. If provided
with a counsel who is a member of the Judge Advocate General's Corps, the counsel may
be an individual requested by you if reasonably available.

3. You will be allowed reasonable time, as determined by the board of inquiry, to
prepare your case. You may submit a written request for continuance to the Board of
Inquiry citing specific reasons. In no instance will you have less than 30 calendar days to
prepare your case, from the date of receipt of notification of your requirement to show
cause for retention on active duty.

4. You have the right to appear in person and be represented by counsel before a board
of inquiry.

5. You will be furnished copies of the proceedings less classified documents, if
requested.

000425

MCHL-MCB
SUBJECT: Notification of Rights – Elimination Action

6. You have the right to submit a statement or brief within 7 calendar days after receipt of the board of inquiry report.

MARIA H. SJOGREN
COL, USA
President of the Board

2

**000426**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-JA (600-8-24)                                    0 7 OCT 2002

MEMORANDUM FOR LTC Vijay K. Sangar, ████████ B Company, Medical
Center Brigade, Walter Reed Army Medical Center Washington, DC 20307-5001

SUBJECT: Notification of Hearing by Board of Officers

1. Under the provisions of AR 600-8-24, Section II, Paragraph 4-11, notice is hereby
given that a Board of Officers appointed by memorandum, this Headquarters, Walter
Reed Army Medical Center, Washington, DC, dated 26 September 2002, will hold a
hearing at Walter Reed Army Medical Center, Building 1, 2d floor, Law Library, at 1300
hours on Monday, 21 October 2002. This board is to determine whether you should be
retained on active duty.

2. A list of witnesses will be provided to you.

3. I will endeavor to arrange for the presence of any reasonably available and necessary
witnesses whom you may desire to call, upon written request.

MARCUS B. SIMON
CPT, JA
Board Recorder

I hereby acknowledge receipt of notification.

VIJAY K. SANGAR                        Defense Counsel
LTC, U. S. Army
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                            Grade, Branch
                                       Counsel for Respondent

**000427**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-CG

26 SEP 2002

MEMORANDUM FOR Center Judge Advocate, Walter Reed Army Medical Center, Washington, DC 20307-5001

SUBJECT: Selection of Board of Inquiry

1. Pursuant to AR 600-8-24, I hereby appoint a board to determine whether **LTC Vijay K. Sangar,** ▇▇▇▇▇▇▇ should be separated from the U.S. Army IAW AR 600-8-24, paragraph 4-24-2a (1)(5) for downward trend in overall performance resulting in consistent record of mediocre service, and failure to perform assignments commensurate with his grade and experience. This board shall consist of the following members:

A1 **COL Chandra A. Prabha**          P **COL Maria H. Sjogren**

__ **COL Kathleen A. McHale**          P **COL James R. Greenwood**

A2 **COL Carol F. Adair**          __ **COL Martin D. Morris**

__ **COL Jean M. Dailey**          __ **COL Stephen L. Denny**

__ **COL William J. Huleatt**          P **COL Wellington Sun**

__ **COL Burton Briggs**          __ **COL Mary B. Bedell**

(Each primary member is indicated by a letter "P"; each alternate member is indicated by a number designating the order in which he or she shall be called to fill an approved absence).

2. The recommendations of the Center Judge Advocate as to the Recorder and Legal Advisor to the board are approved.

3. The recommendation for Trial Defense Counsel is approved.

KEVIN C. KILEY
Major General, MC
Commanding

**000428**



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCAT-JA (600-8-24)

MEMORANDUM FOR Commander, Walter Reed Army Medical Center, Washington
DC 20307-5001

SUBJECT: Selection of Board of Inquiry

1. You are the General Officer Show Cause Authority (GOSCA) for **Lieutenant Colonel Vijay K. Sangar,** ▮▮▮▮▮ **B Company, Medical Center Brigade, Walter Reed Army Medical Center, Washington, DC 20307-5001.** The Commander, PERSCOM, has requested that you convene a board of inquiry to determine whether LTC Sangar should be separated from the service. This request is based on LTC Sangar being identified to show cause for retention on active duty, under the provisions of AR 600-8-24, paragraph 4-2a (1)(5) for downward trend in overall performance resulting in consistent record of mediocre service, and failure to perform assignments commensurate with his grade and experience.

2. I recommend that you appoint a board of inquiry composed of 3 officers. The board must consist entirely of officers in the rank of Colonel or above and senior in grade and rank to the respondent. The selection should be based on the respondent's branch and status, whether they are Regular Army or Reserve Component. The entire panel does not have to consist of each member being the same status, but there must also be one member who is of the same status. The nominees, provided by commands under your Special Court Martial Convening Authority in Walter Reed Army Medical Center, Washington DC, are listed at **Tab A**. Each nominee's ORB is enclosed at **Tab B**.

3. Selection Process:

   a. You should select three primary and two alternate members of the board by placing a "P" for primaries and a number respectively for alternates beside their names on the list at Tab A. Then sign at the place indicated at the bottom of Tab A. The most senior member will serve as President of the board. At least one member must be serving with a Regular Army status. At least two alternates must also hold a Regular Army status. The nominees that hold a **REGULAR ARMY STATUS** are listed in bold print.

   b. I recommend that you appoint CPT Marcus B. Simon as the board recorder, and CPT Jason A. Barocas as the Legal Advisor.

**000429**

MCAT-JA (600-8-24)
SUBJECT:  Selection of Board of Inquiry

c. The Senior Defense Counsel, US Army Trial Defense Service, Ft. Myer, will appoint defense counsel for the respondent.

4.  A complete case file is enclosed at **Tab C**.

JOHN H. NOLAN III
COL, JA
Center Judge Advocate

2

000430

6/20/2002 2:01 PM  FROM:  U.S. Army Total Defense Service  TO: +  (202)  -2033  PAGE: 002 OF 002



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL CENTER
B COMPANY, WALTER REED ARMY MEDICAL CENTER
WASHINGTON, D.C. 20307

REPLY TO
ATTENTION OF:

ANME-JAT                                                    20 June 2002

MEMORANDUM THRU Commander, Walter Reed Army Medical Center, Washington, D.C.
20307

FOR Commander, U.S. Total Army Personnel Command, Alexandria, VA 22332-0478

SUBJECT: Officer Elimination Action: LTC Vijay Sangar, B Company, Walter Reed Army
Medical Center, Washington D.C. 20307-5001

1. In the absence of the dismissal of the officer elimination action initiated against me, IAW AR
600-8-24 I request appearance before a Board of Inquiry.

2. POC for this action is CPT Thomas Crumley at 301-677-9043.


VIJAY SANGAR
LTC, MC




I served this document on Sgt Kelson at 2:07 hrs in person on 20 June 2002.


VIJAY SANGAR
LTC, MC


**000431**

6/20/2002 1:51 PM FROM:     U.S. Army Trial Defense Service  TO: 4  1232    7  5038    PAGE: 002 OF 002



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL CENTER
B COMPANY, WALTER REED ARMY MEDICAL CENTER
WASHINGTON, D.C. 20307

REPLY TO
ATTENTION OF:

ANME-JAT                                                    20 June 2002

MEMORANDUM THRU Commander, Walter Reed Army Medical Center, Washington, D.C.
20307

FOR Commander, U.S. Total Army Personnel Command, Alexandria, VA 22332-0478

SUBJECT: Officer Elimination Action: LTC Vijay Sangar, B Company, Walter Reed Army
Medical Center, Washington D.C. 20307-5001

1. In the absence of the dismissal of the officer elimination action initiated against me, IAW AR
600-8-24 I request appearances before a board of inquiry.

2. POC for this action is CPT Thomas Crumley at 301-677-9043.

VIJAY SANGAR
LTC, MC

I served this document on *Cpt Huthmeister* at 1500hrs in person on 20 June 2002.

VIJAY SANGAR
LTC, MC

**000432**



DEPARTMENT OF THE ARMY
WALTER REED ARMY MEDICAL CENTER
WALTER REED HEALTH CARE SYSTEM
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCHL-CO

2 9 JUL 2002

MEMORANDUM THRU Commander, Walter Reed Army Medical Center, Washington, DC 20307-5001

FOR Commander, U.S. Army Total Army Personnel Command, ATTN: TAPC-PDT-PM, 200 Stovall Street, Alexandria, VA 22332-0479

SUBJECT: Rebuttal to Notification of Initiation of Elimination Action and Request for Termination of Elimination Action

1. I have reviewed the enclosed rebuttal statement and supporting documentation submitted by Lieutenant Colonel Vijay Sangar, 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, and his request for termination of the elimination action initiated under AR 600-8-24, paragraph 4-2a(1) and (5): downward trend in overall performance resulting in a consistent record of mediocre service and failure to perform assignments commensurate with your grade and experience.

2. I recommend (approval) (disapproval) of LTC Sangar's request for termination of the elimination action submitted under AR 600-8-24, paragraph 4-19, step 10(a). In addition, I recommend (retention) (separation) of LTC Sangar on/from active duty.

Encl
nc

JONATHAN H. JAFFIN
COL, MC
Commanding

000433



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCHL-MCB                                                    2 2 JUL 2002

MEMORANDUM THRU Commander, Walter Reed Army Medical Center, Washington, DC 20307-5001

FOR Commander, U.S. Army Total Army Personnel Command, ATTN: TAPC-PDT-PM, 200 Stovall Street, Alexandria, VA 22332-0479

SUBJECT: Rebuttal to Notification of Initiation of Elimination Action and Request for Termination of Elimination Action

1. I have reviewed the enclosed rebuttal statement and supporting documentation submitted by Lieutenant Colonel Vijay Sangar, 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, and his request for termination of the elimination action initiated under AR 600-8-24, paragraph 4-2a(1) and (5): downward trend in overall performance resulting in a consistent record of mediocre service and failure to perform assignments commensurate with your grade and experience.

2. I recommend (approval) (disapproval) of LTC Sangar's request for termination of the elimination action submitted under AR 600-8-24, paragraph 4-19, step 10(a). In addition, I recommend (retention) (separation) of LTC Sangar on/from active duty.

Encl
nc

LARRY S. BOLTON
COL, MS
Commanding

000434



**DEPARTMENT OF THE ARMY**
NORTH ATLANTIC REGIONAL MEDICAL COMMAND
AND
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC 20307-5001

REPLY TO
ATTENTION OF

MCHL-MCB-B                                                    1 8 JUN 2002

MEMORANDUM THRU Commander, Medical Center Brigade, Walter Reed
Army Medical Center, Washington, DC 20307-5001

Commander, Walter Reed Army Medical Center, Washington, DC 20307-5001

FOR Commander, U.S. Army Total Army Personnel Command, ATTN: TAPC-PDT-PM, 200
Stovall Street, Alexandria, Virginia 22332-0479

SUBJECT: Rebuttal to Notification of Initiation of Elimination Action and Request for
Termination of Elimination Action

1. I have reviewed the enclosed rebuttal statement and supporting documentation submitted by
Lieutenant Colonel Vijay Sangar, 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, and his request for termination of the elimination
action initiated under AR 600-8-24, paragraph 4-2a(1) and (5): downward trend in overall
performance resulting in a consistent record of mediocre service and failure to perform
assignments commensurate with your grade and experience.

2. I recommend (approval) (disapproval) of LTC Sangar's request for termination of the
elimination action submitted under AR 600-8-24, paragraph 4-19, step 10(a). In addition, I
recommend (retention) (separation) of LTC Sangar on/from active duty.

ROBERT T. ASHBURN
CPT, MS
Commanding

Encl
nc

**000435**



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
ALEXANDRIA VA
22332-0478

TAPC-PDT-PM  (600-8-24)                    *Cdr WRAMC BdC  26 MAR 2002*
                                           *For action 17 Apr*

MEMORANDUM THRU Commanding General, Walter Reed Army Medical Center/North
Atlantic Regional Medical Command, Washington, DC  20307-5001

FOR LTC Vijay K. Sangar, 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, B Company, Walter Reed Army Medical
Center, Washington, DC  20307-5001

SUBJECT:  Initiation of Elimination


1.  You were identified by the FY00 Colonel MC/DE Promotion Board to show cause for
retention on active duty under the provisions of Army Regulation (AR) 600-8-24,
paragraphs 4-2a(1) and (5) because of substandard performance of duty.

2.  This action is based on a downward trend in your overall performance resulting in a
consistent record of mediocre service and failure to properly perform assignments
commensurate with your grade and experience.  This is substantiated by your Officer
Evaluation Reports for the periods 001112-011111 (enclosure 1), 991112-001111
(enclosure 2), 981001-991111 (enclosure 3), 971001-980930 (enclosure 4), and
960721-970630 (enclosure 5).

3.  In conjunction with this action, a DA Form 268 (Suspension of Favorable Personnel
Actions) has been initiated according to AR 600-8-2 (enclosure 6).

4.  You may have either the assistance of an officer of the Judge Advocate General
Corps appointed as counsel, or seek civilian counsel of your own selection (obtained by
you at no expense to the Government) to prepare a written statement indicating any
pertinent facts or any rebuttal bearing on the question of your elimination.

   a.  This statement may be sworn or unsworn.

   b.  Documents submitted in rebuttal must be legible and reproducible.

   c.  You may also confer with your counsel for legal advice concerning your options
stated in paragraph 7.

5.  If you are eliminated for substandard performance of duty, you will receive an
Honorable discharge.  You may consult with your local finance office concerning
separation pay (AR 600-8-24, Table 4-1(5)).


Printed on 🖒 Recycled Paper

**000436**

TAPC-PDT-PM
SUBJECT: Initiation of Elimination

6. Before taking further action, I will consider all written comments or any rebuttal that you may submit with your acknowledgment.

7. In accordance with AR 600-8-24, paragraph 4-11, you may:

   a. Submit your resignation in lieu of elimination. You may not request an effective date. The effective separation date will be no later than 30 days after receipt of written notification of the approved resignation.

   b. Request discharge in lieu of elimination. You may not request an effective date. The effective separation date will be no later than 30 days after receipt of written notification of the approved discharge.

   c. In lieu of resignation or discharge, submit a rebuttal or a declination statement and request appearance before a Board of Inquiry.

8. Your written rebuttal or resignation in lieu of elimination is to be submitted through your General Officer Show Cause Authority and the first Army General Officer in your chain of command or supervision. In many cases these may be the same individual.

9. You must acknowledge receipt in writing and exercise one of the options in paragraph 7 not later than 30 April 2002.

10. Your acknowledgment should be in the format provided at enclosure 7. If you elect the option in paragraph 7a or b, you will include your tender of resignation or request for discharge in lieu of elimination as an enclosure to your acknowledgment.

Encl

LAWRENCE R. ADAIR
Major General, USA
Commanding

2

00440672

# OFFICER EVALUATION REPORT
For use of this form, see AR 623-105; the proponent agency is ODCSPER

SEE PRIVACY ACT STATEMENT ON DA FORM 67-9-1

## PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | | | e. BRANCH | f. DESIGNATED SPECIALTIES | g. PMOS (AN) |
|---|---|---|---|---|---|---|---|---|
| SANGAR, VIJAY K. | | LTC | Year 1994 | Month 07 | Day 18 | MC | 60B | |

g. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND
B Company, Walter Reed Army Medical Center, Washington, DC 20307-5001    MC

| h. REASON FOR SUBMISSION |
|---|
| 05    Annual |

| i. PERIOD COVERED | | | | | | j. RATED MONTHS | k. NONRATED CODES | l. NO. OF ENCL | m. RATED OFFICER COPY (Check one and date) | | n. PSB INITIAL | o. CMD CODE | p. PSB CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | | THRU | | | 12 | | Ø | 1. Given to Officer | | | MM | MC01 |
| Year 2000 | Month 11 | Day 12 | Year 2001 | Month 11 | Day 11 | | | X | 2. Forwarded to Officer | 020221    Vijag | | | |

## PART II - AUTHENTICATION (Rated officer's signature verifies officer has seen completed OER Parts I-VI and the admin data is correct)

| a. NAME OF RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| Brown, John H. | | COL | Deputy Cdr Admin | John H. Brown | 020221 |

| b. NAME OF INTERMEDIATE RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| | | | | | |

| c. NAME OF SENIOR RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| Block, Dale K. | | COL | Deputy Cdr Clinical Svc | | 020221 |

| SENIOR RATER'S ORGANIZATION | BRANCH | SENIOR RATER TELEPHONE NUMBER | E-MAIL ADDRESS |
|---|---|---|---|
| HQ Company, WRAMC Washington, DC 20307 | MC | (202) 782-8397 | dale.block@na.amedd.army.mil |

| d. This is a referred report, do you wish to make comments? | | e. SIGNATURE OF RATED OFFICER | DATE |
|---|---|---|---|
| X | Yes, comments are attached    X No | Vijay K. Sangar | 020221 |

## PART III - DUTY DESCRIPTION

a. PRINCIPAL DUTY TITLE  Medical Abstraction Physician

b. POSITION AOC/BR  60B

c. SIGNIFICANT DUTIES AND RESPONSIBILITIES. REFER TO PART IVb, DA FORM 67-9-1

Responsible for abstracting medical records from Tumor Registry at Walter Reed Army Medical Center. Participates in the maintenance of Tumor Registry files, reviews and analyzes materials to determine nature of the action to be taken , and completeness of information.  Did not work in Area of Concentration (AOC).

## PART IV - PERFORMANCE EVALUATION - PROFESSIONALISM (Rater)

CHARACTER  Disposition of the leader: combination of values, attributes, and skills affecting leader actions

| a. ARMY VALUES (Comments mandatory for all "NO" entries. Use PART Vb.) | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| 1. HONOR: Adherence to the Army's publicly declared code of values | X | | 5. RESPECT: Promotes dignity, consideration, fairness, & EO | X | |
| 2. INTEGRITY: Possesses high personal moral standards; honest in word and deed | X | | 6. SELFLESS-SERVICE: Places Army priorities before self | X | |
| 3. COURAGE: Manifests physical and moral bravery | X | | 7. DUTY: Fulfills professional, legal, and moral obligations | X | |
| 4. LOYALTY: Bears true faith and allegiance to the U.S. Constitution, the Army, the unit, and the soldier | X | | | | |

b. LEADER ATTRIBUTES / SKILLS / ACTIONS:  First, mark "YES" or "NO" for each block. Second, choose a total of six that best describe the rated officer. Select one from ATTRIBUTES, two from SKILLS (Competence), and three from ACTIONS (LEADERSHIP). Place an "X" in the appropriate numbered block with optional comments in PART Vb.  Comments are mandatory in Part Vb for all "NO" entries.

| b.1. ATTRIBUTES (Select 1) Fundamental qualities and characteristics | 1. MENTAL  YES/NO Possesses desire, will, initiative, and discipline | X | 2. PHYSICAL  YES/NO Maintains appropriate level of physical fitness and military bearing | 3. EMOTIONAL  YES/NO Displays self-control; calm under pressure |
|---|---|---|---|---|

| b.2 SKILLS (Competence) (Select 2) Skill development is part of self-development; prerequisite to action | 1. CONCEPTUAL  YES/NO Demonstrates sound judgment, critical/creative thinking, moral reasoning | 2. INTERPERSONAL  YES/NO Shows skill with people: coaching, teaching, counseling, motivating and empowering | X | 3. TECHNICAL  YES/NO Possesses the necessary expertise to accomplish all tasks and functions |
|---|---|---|---|---|---|
| | X  TACTICAL  Demonstrates proficiency in required professional knowledge, judgment, and warfighting | | | | |

| b.3. ACTIONS (LEADERSHIP) (Select 3) Major activities leaders perform: influencing, operating, and improving | | | |
|---|---|---|---|
| INFLUENCING Method of reaching goals while operating / improving | X  1. COMMUNICATING  YES/NO Displays good oral, written, and listening skills for individuals / groups | 2. DECISION-MAKING  YES/NO Employs sound judgment, logical reasoning and uses resources wisely | 3. MOTIVATING  YES/NO Inspires, motivates, and guides others toward mission accomplishment |
| OPERATING Short-term mission accomplishment | 4. PLANNING  YES/NO Develops detailed, executable plans that are feasible, acceptable, and suitable | 5. EXECUTING  YES/NO Shows tactical proficiency, meets mission standards, and takes care of people/resources | X  ASSESSING  YES/NO Uses after-action and evaluation tools to facilitate consistent improvement |
| IMPROVING Long-term improvement in the Army, its people and organizations | 7. DEVELOPING  YES/NO Invests adequate time and effort to develop individual subordinates as leaders | 8. BUILDING  YES/NO Spends time and resources improving teams, groups and units; fosters ethical climate | X  LEARNING  YES/NO Seeks self-improvement and organizational growth; envisioning, adapting and leading change |

c. APFT: PASS    DATE: OCT 2001    HEIGHT: 71    WEIGHT: 191    YES

d. JUNIOR OFFICER DEVELOPMENT - MANDATORY YES OR NO ENTRY FOR RATERS OF LTs AND WO1s.
WERE DEVELOPMENTAL TASKS RECORDED ON DA FORM 67-9-1a AND QUARTERLY FOLLOW-UP COUNSELINGS CONDUCTED?  [YES] [NO] [X]

DA FORM 67-9, OCT 97    REPLACES DA FORM 67-8, 1 SEP 79, WHICH IS OBSOLETE, 1 OCT 97    11 FEB 2002    USAPA V2.00

FEB 15 2002

Y - 002753882 - 001    THIS IS A CERTIFIED TRUE COPY

000438

| NAME SANGAR, VIJAY K. | SSN | PERIOD COVERED 20001112 – 20011111 |
|---|---|---|

## PART V - PERFORMANCE AND POTENTIAL EVALUATION (Rater)

**a. EVALUATE THE RATED OFFICER'S PERFORMANCE DURING THE RATING PERIOD AND HIS/HER POTENTIAL FOR PROMOTION**

| ☐ OUTSTANDING PERFORMANCE, MUST PROMOTE | ☐ SATISFACTORY PERFORMANCE, | ☒ UNSATISFACTORY PERFORMANCE, | ☐ OTHER (Explain) |
|---|---|---|---|

**b. COMMENT ON SPECIFIC ASPECTS OF THE PERFORMANCE AND POTENTIAL FOR PROMOTION. REFER TO PART III, DA FORM 67-9 AND PART IVa, b, AND c DA FORM 67-9-1.**

LTC Sangar participated in the abstraction of medical records from the Tumor Registry at Walter Reed in a satisfactory manner. He participated in the maintenance and review of Tumor Registry files. He reviewed and analyzed the materials to determine the nature of the action to be taken and the completeness of required information. LTC Sangar participated in the following continuing education courses on his own initiative: the Harvard Nuclear Medicine Review and the meeting of the Southeastern Chapter of the Society of Nuclear Medicine. He renewed his medical license for 2 years in the state of Missouri and passed his APFT in a satisfactory manner. However, the Army should not retain this officer as his clinical privileges to practice medicine at Walter Reed have been revoked. In reference to Part IVb, Dr. Sangar's technical planning, and motivating abilities are severely impaired due to his inability to practice medicine. Therefore, he has no potential to continue in the US Army as a Medical Corps officer, since he has no privileges to practice his specialty.

**c. IDENTIFY ANY UNIQUE PROFESSIONAL SKILLS OR AREAS OF EXPERTISE OF VALUE TO THE ARMY THAT THIS OFFICER POSSESSES. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC. ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.**

## PART VI - INTERMEDIATE RATER

## PART VII -SENIOR RATER

**a. EVALUATE THE RATED OFFICER'S PROMOTION POTENTIAL TO THE NEXT HIGHER GRADE**

| ☐ BEST QUALIFIED | ☐ FULLY QUALIFIED | ☒ DO NOT PROMOTE | ☐ OTHER (Explain below) |
|---|---|---|---|

I currently senior rate **31** officer(s) in this grade

A completed DA Form 67-9-1 was received with this report and considered in my evaluation and review    ☒ YES    ☐ NO (Explain in c)

**b. POTENTIAL COMPARISON WITH OFFICERS SENIOR RATED IN SAME GRADE (OVERPRINTED BY DA)**

HQDA COMPARISON OF THE SENIOR RATER'S PROFILE AND BOX CHECK AT THE TIME THIS REPORT PROCESSED

*BELOW CENTER OF MASS DO NOT RETAIN*

RO: LTC SANGAR VIJAY K

SR: COL BLOCK DALE K

DATE: 2002 02 21

TOTAL RATINGS: 47

RATINGS THIS OFFICER: 2

**c. COMMENT ON PERFORMANCE/POTENTIAL**

LTC Sangar participated in the abstraction of medical records from the Tumor Registry at Walter Reed in a satisfactory manner. However, the Army should not and cannot retain this officer as his clinical privileges have been revoked.

**d. LIST 3 FUTURE ASSIGNMENTS FOR WHICH THIS OFFICER IS BEST SUITED. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC. ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.**

Laboratory Administrator, Clinic Administrator, Mycology Researcher

DA FORM 67-9, OCT 97 (Reverse)    USAPA V2.00

00382456    P·170    **BOARDS: 5C41**

## OFFICER EVALUATION REPORT
For use of this form, see AR 623-105; the proponent agency is ODCSPER

SEE PRIVACY ACT STATEMENT ON DA FORM 67-9-1

**PART I - ADMINISTRATIVE DATA**

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | | e. BRANCH | f. SPECIALTIES |
|---|---|---|---|---|---|---|
| SANGAR, VIJAY | | LTC | 1994 | 07 18 | MC | 60B |

| g. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND | | h. REASON FOR SUBMISSION | |
|---|---|---|---|
| BRAVO COMPANY, Walter Reed Army Medical Center, Washington, DC 20307 MC | | 05 Annual | |

| i. PERIOD COVERED | | | | | | j. RATED MONTHS | k. NONRATED CODES | l. NO. OF ENCL | m. RATED OFFICER COPY (check one and date) | | n. PSB | o. CMD CODE | p. PSB INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | | THRU | | | 12 | | 0 | 1. Given to Officer | | MM | | MC01 |
| Year 1999 | Month 11 | Day 12 | Year 2000 | Month 11 | Day 11 | | | | X 2. Forwarded to Officer | 010710 Vmyy | | | |

**PART II - AUTHENTICATION** (Rated officer's signature verifies officer has seen completed OER Parts I-VII and the admin data is correct)

| a. NAME OF RATER (Last, First, MI) | b. SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| FOLEY, BRIAN P. | | COL | Dep Cdr for Admin | Brian P. Foley | 010710 |

| b. NAME OF INTERMEDIATE RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| | | | | | |

| c. NAME OF SENIOR RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| BLOCK, DALE K. | | COL | Dep Cdr for Clin Svcs | Busy | 010710 |

| SENIOR RATER'S ORGANIZATION | BRANCH | SENIOR RATER TELEPHONE NUMBER | E-MAIL ADDRESS |
|---|---|---|---|
| Headquarters Company, WRAMC Washington, DC 20307 | MC | DSN 662-8397 | dale.block@na.amedd.army.mil |

d. This is a referred report. Do you wish to make comments? ☒ NO  ☐ Yes, comments are attached    e. SIGNATURE OF RATED OFFICER ☒ Mark K Sauer    DATE 010710

**PART III - DUTY DESCRIPTION**

a. PRINCIPAL DUTY TITLE  Physician / Tumor Registry Clerk    b. POSITION AOC/SI  60B

c. SIGNIFICANT DUTIES AND RESPONSIBILITIES. REFER TO PART IVa, DA FORM 67-9-1

Responsible for abstracting medical records from Tumor Registry at Walter Reed Army Medical Center. Participate in the maintenance of Tumor Registry files, reviews and analyzes materials to determine nature of the action to be taken, and completeness of information.

**FY 01 Promotion**

**PART IV - PERFORMANCE EVALUATION - PROFESSIONALISM (Rater)**

**CHARACTER** Disposition of the leader; combination of values, attributes, and skills affecting leader actions

a. ARMY VALUES (Comments mandatory for all "NO" entries. Use PART Vb.)

| | Yes | No | | | Yes | No |
|---|---|---|---|---|---|---|
| 1. HONOR: Adherence to the Army's publicly declared code of values | X | | 5. RESPECT: Promotes dignity, consideration, fairness, & EO | | | X |
| 2. INTEGRITY: Possesses high personal moral standards; honest in word and deed | X | | 6. SELFLESS-SERVICE: Places Army priorities before self | | | X |
| 3. COURAGE: Manifests physical and moral bravery | X | | 7. DUTY: Fulfills professional, legal, and moral obligations | | | X |
| 4. LOYALTY: Bears true faith and allegiance to the U.S. Constitution, the Army, the unit, and the soldier | X | | | | | X |

b. LEADER ATTRIBUTES / SKILLS / ACTIONS: First, mark "YES" or "NO" for each block. Second, choose a total of six that best describe the rated officer. Select one from ATTRIBUTES, two from SKILLS (Competence), and three from ACTIONS (LEADERSHIP). Place an "X" in the appropriate numbered block with optional comments in PART Vb. Comments are mandatory in Part Vb for all "No" entries.

| b.1. ATTRIBUTES (Select 1) | | Yes No | | | Yes No | | | Yes No |
|---|---|---|---|---|---|---|---|---|
| Fundamental qualities and characteristics | 1. MENTAL Possesses desire, will, initiative, and discipline | X NO | X | 2. PHYSICAL Maintains appropriate level of physical fitness and military bearing | NO | 3. EMOTIONAL Displays self-control; calm under pressure | NO |

| b.2 SKILLS (Competence) (Select 2) | | Yes No | | | Yes No | | | Yes No |
|---|---|---|---|---|---|---|---|---|
| Skill development is part of self-development; prerequisite to action | 1. CONCEPTUAL Demonstrates sound judgment, critical/creative thinking, moral reasoning | X NO | | 2. INTERPERSONAL Shows skill with people: coaching, teaching, counseling, motivating and empowering | X NO | 3. TECHNICAL Possesses the necessary expertise to accomplish all tasks and functions | X NO |
| | X TACTICAL Demonstrates proficiency in required professional knowledge, judgment, and warfighting | | | | | | X NO |

b.3. ACTIONS (LEADERSHIP) (Select 3) Major activities leaders perform: influencing, operating, and improving

| INFLUENCING Method of reaching goals while operating / improving | 1. COMMUNICATING Displays good oral, written, and listening skills for individuals / groups | X NO | 2. DECISION-MAKING Employs sound judgment, logical reasoning and uses resources wisely | X NO | 3. MOTIVATING Inspires, motivates, and guides others toward mission accomplishment | X NO |
|---|---|---|---|---|---|---|
| OPERATING Short-term mission accomplishment | 4. PLANNING Develops detailed, executable plans that are feasible, acceptable, and suitable | X NO | 5. EXECUTING Shows tactical proficiency, meets mission standards, and takes care of people/resources | X NO | 6. ASSESSING Uses after-action and evaluation tools to facilitate consistent improvement | X NO |
| IMPROVING Long-term improvement in the Army | 7. DEVELOPING Invests adequate time and effort to develop individual subordinates as leaders | X NO | 8. BUILDING Spends time and resources improving teams, groups and units; fosters ethical climate | X NO | 9. LEARNING Seeks self-improvement and organizational growth; envisioning, adapting and leading | X NO |

c. APFT: PASS    DATE: OCT 2000    HEIGHT: 71    WEIGHT: 199    NO

d. JUNIOR OFFICER DEVELOPMENT - MANDATORY YES OR NO ENTRY FOR RATERS OF LTs AND WO1s.    YES  NO  ☒
WERE DEVELOPMENTAL TASKS RECORDED ON DA FORM 67-9-1a AND QUARTERLY FOLLOW-UP COUNSELINGS CONDUCTED?

DA FORM 67-9, OCT 97    REPLACES DA FORM 67-8, 1 SEP 79, WHICH IS OBSOLETE, 1 OCT 97    USAPA V2.00

14 JUL 2001    JUN 15 2001

- 002708049 - 001    THIS IS A CERTIFIED TRUE COPY    000440

| NAME SANGAR, VIJAY | | SSN | | PERIOD COVERED 19991112 | – | 20001111 | |

**PART V - PERFORMANCE AND POTENTIAL EVALUATION (Rater)**

a. EVALUATE THE RATED OFFICER'S PERFORMANCE DURING THE RATING PERIOD AND HIS/HER POTENTIAL FOR PROMOTION

☐ OUTSTANDING PERFORMANCE, MUST PROMOTE    ☐ SATISFACTORY PERFORMANCE, PROMOTE    ☐ UNSATISFACTORY PERFORMANCE, DO NOT PROMOTE    ☒ OTHER (Explain)

b. COMMENT ON SPECIFIC ASPECTS OF THE PERFORMANCE AND POTENTIAL FOR PROMOTION. REFER TO PART III, DA FORM 87-9 AND PART IVa, b, AND c DA FORM 87-9-1.

LTC Sangar's performance as a nuclear physician for which he is being paid cannot be evaluated since he has not worked in that area during this entire rating period. The reason is he no longer holds clinical privileges in this institution are as discussed in detail in his previous OER. He can only be rated in the role as a Tumor Registry Clerk, normally a GS07 position. As such, he has executed the duties to a satisfactory level, although his productivity is certainly curtailed by his involvement with his legal and medical board actions and his on-going, self-paid continuing medical education. The courses he attended include: Conference by American College of Nuclear Cardiology, Harvard Nuclear Medicine Review, Emory University Nuclear Medicine Course and the Conference of the Radiological Society of North America. He maintains a valid medical license with the state of Missouri. He passed the American Board of Nuclear Medicine examination on 9 SEP 2000, just slightly over 12 years after he successfully completed his nuclear medicine residency at the Harry S. Truman Veterans Hospital in Columbia, Missouri. As to his potential, I can only note that he certainly has the potential to be a successful tumor registrar. I cannot offer an opinion on his potential as a nuclear physician besides what facts were already noted. Although able to pass the APFT satisfactorily, he has not been able to do the same for the body-fat standard.

c. IDENTIFY ANY UNIQUE PROFESSIONAL SKILLS OR AREAS OF EXPERTISE OF VALUE TO THE ARMY THAT THIS OFFICER POSSESSES. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.

**PART VI - INTERMEDIATE RATER**

**PART VII -SENIOR RATER**

a. EVALUATE THE RATED OFFICER'S PROMOTION POTENTIAL TO THE NEXT HIGHER GRADE

☐ BEST QUALIFIED    ☐ FULLY QUALIFIED    ☐ DO NOT PROMOTE    ☒ OTHER (Explain below)

I currently senior rate ___31___ officer(s) in this grade
A completed DA Form 67-9-1 was received with this report and considered in my evaluation and review    ☒ YES    ☐ NO (Explain in c)

b. POTENTIAL COMPARED WITH OFFICERS SENIOR RATED IN SAME GRADE (OVERPRINTED BY DA) HQDA COMPARISON OF THE SENIOR RATER'S PROFILE AND BOX CHECK AT THE TIME THIS REPORT PROCESSED

**BELOW CENTER OF MASS DO NOT RETAIN**

RO: LTC SANGAR VIJAY

SR: COL BLOCK DALE K

DATE: 2001 07 11

TOTAL RATINGS: 19

RATINGS THIS OFFICER: 1

c. COMMENT ON PERFORMANCE/POTENTIAL

Concur with rater. LTC Sangar satisfactorily performed his duties in the Tumor Registry as required. However, the Army should not and cannot retain this officer. The Surgeon General has reviewed LTC Sangar's case and finalized the revocation of his clinical privileges and forwarded that information to the National Clinical Data Bank. His potential will be most effectively realized as a civilian.

d. LIST 3 FUTURE ASSIGNMENTS FOR WHICH THIS OFFICER IS BEST SUITED. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.

Laboratory Administrator, Clinic Administrator, Mycology Researcher

DA FORM 67-9, OCT 97 (Reverse)    USAPA V2.00

GO258890

BOARDS: 5C50

## OFFICER EVALUATION REPORT
For use of this form, see AR 623-105; the proponent agency is ODCSPER

*SEE PRIVACY ACT STATEMENT ON DA FORM 67-9-1*

### PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | | e. BRANCH | f. DESIGNATED / PMOS CODE |
|---|---|---|---|---|---|---|
| SANGAR, VIJAY | | LTC | Year 1994 | Month 07 Day 18 | MC | 60B |

| g. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND | | h. REASON FOR SUBMISSION |
|---|---|---|
| BRAVO COMPANY, Walter Reed Army Medical Center, Washington DC 20307  MC | | 18   Relief for Cause |

| i. PERIOD COVERED | | | | | | j. RATED MONTHS | k. NONRATED CODES | l. NO. OF ENCL | m. RATED OFFICER COPY (check one and date) | | n. PSB INITIALS | o. CMD CODE | p. PSB CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | | THRU | | | 4 | Z | 2-0 | 1. Given to Officer | | | MM | MC01 |
| Year 1998 | Month 10 | Day 01 | Year 1999 | Month 11 | Day 11 | | | | 2. Forwarded to Officer | 000601 | | | |

### PART II - AUTHENTICATION (Rated officer's signature verifies officer has seen completed OER Parts I-VII and the admin data is correct)

| a. NAME OF RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| BRAZAITIS, MICHAEL P | | COL | Chief, Dpt of Radiology | | 3 May 00 |

| c. NAME OF INTERMEDIATE RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| | | | | | |

| e. NAME OF SENIOR RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| PHILLIPS, YANCY Y | | COL | DCCS, WRAMC | Yancy Phillips | 3 May 00 |

| SENIOR RATER'S ORGANIZATION | BRANCH | SENIOR RATER TELEPHONE NUMBER | e-MAIL ADDRESS |
|---|---|---|---|
| Headquarters Company, WRAMC Washington DC 20307 | MC | DSN 662-8397 | Yancy.Phillips@na.amedd.army.mil |

f. This is a referred report, do you wish to make comments?   ☒ Yes, comments are attached   ☐ No

g. SIGNATURE OF RATED OFFICER   Vijay K Sangar   DATE 3 May 00

### PART III - DUTY DESCRIPTION

a. PRINCIPAL DUTY TITLE   Staff, Nuclear Medicine

b. POSITION AOC/MOS   60B

c. SIGNIFICANT DUTIES AND RESPONSIBILITIES, REFER TO PART IV b., DA FORM 67-9-1

Serves as staff physician performing and interpreting diagnostic nuclear medicine studies, including Radioimmunoassay. Performs therapeutic nuclear medicine procedures. Provides consultation in Nuclear Medicine to referring physicians and other health care professionals. Provides instruction to Nuclear Medicine Fellows, Radiology residents, medical students, and technologists. Provides support to research protocol activities in the clinic, complete quality management programs, and utilization reviews for the Nuclear Regulatory Commission and Joint Commission for the Accreditation of Healthcare Organization inspections. Performs other administrative duties as assigned by the Chief.

FY 00   Promotion

### PART IV - PERFORMANCE EVALUATION - PROFESSIONALISM (Rater)

CHARACTER  Disposition of the leader: combination of values, attributes, and skills affecting leader actions

| a. ARMY VALUES (Comments mandatory for all "NO" entries. Use PART Vb.) | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| 1. HONOR: Adherence to the Army's publicly declared code of values | X | | 5. RESPECT: Promotes dignity, consideration, fairness, & EO | | X |
| 2. INTEGRITY: Possesses high personal moral standards; honest in word and deed | X | | 6. SELFLESS-SERVICE: Places Army priorities before self | | X |
| 3. COURAGE: Manifests physical and moral bravery | X | | 7. DUTY: Fulfills professional, legal, and moral obligations | | X |
| 4. LOYALTY: Bears true faith and allegiance to the U.S. Constitution, the Army, the unit, and the soldier | X | | | | |

b. LEADER ATTRIBUTES / SKILLS / ACTIONS: First, mark "YES" or "NO" for each block. Second, choose a total of six that best describe the rated officer. Select one from ATTRIBUTES, two from SKILLS (Competence), and three from ACTIONS (LEADERSHIP). Place an "X" in the appropriate numbered box with optional comments in PART Vb.  Comments are mandatory in

| b.1   ATTRIBUTES (Select 1) Fundamental qualities and characteristics | 1. MENTAL  Possesses desire, will, initiative, and discipline | X ☐ NO | 2. PHYSICAL  Maintains appropriate level of physical fitness and military bearing | ☐ NO | 3. EMOTIONAL  Displays self-control; calm under pressure | ☐ NO |
|---|---|---|---|---|---|
| b.2   SKILLS (Competence) (Select 2) Skill development is part of self-development; prerequisite to action | 1. CONCEPTUAL  Demonstrates sound judgment, critical/creative thinking, moral reasoning | YES ☐ | 2. INTERPERSONAL  Shows skill with people: coaching, teaching, counseling, motivating and empowering | X ☐ | 3. TECHNICAL  Possesses the necessary expertise to accomplish all tasks and functions | X ☐ |
| | 4. TACTICAL  Demonstrates proficiency in required professional knowledge, judgment, and warfighting | ☐ NO | | | |
| b.3   ACTIONS (LEADERSHIP) (Select 3) Major activities leaders perform: influencing, operating, and improving | | | | | |
| INFLUENCING  Method of reaching goals while operating / improving | 1. COMMUNICATING  Displays good oral, written, and listening skills for individuals / groups | X ☐ NO | 2. DECISION-MAKING  Employs sound judgment, logical reasoning and uses resources wisely | X ☐ NO | 3. MOTIVATING  Inspires, motivates, and guides others toward mission accomplishment | X ☐ NO |
| OPERATING  Short-term mission accomplishment | 4. PLANNING  Develops detailed, executable plans that are feasible, acceptable, and suitable | X ☐ NO | 5. EXECUTING  Shows tactical proficiency, meets mission standards, and takes care of people/resources | X ☐ NO | 6. ASSESSING  Uses after-action and evaluation tools to facilitate consistent improvement | ☐ NO |
| IMPROVING  Long-term improvement in the Army, its people and organizations | 7. DEVELOPING  Invests adequate time and effort to develop individual subordinates as leaders | X ☐ NO | 8. BUILDING  Spends time and resources improving teams, groups and units; fosters ethical climate | X ☐ NO | 9. LEARNING  Seeks self-improvement and organizational growth; envisioning, adapting and leading | X ☐ NO |

| c. APFT: PASS | DATE: OCT 1999 | WEIGHT: 192 | YES |
|---|---|---|---|

d. JUNIOR OFFICER DEVELOPMENT - MANDATORY YES OR NO ENTRY FOR RATERS OF LTs AND WO1s. WERE DEVELOPMENTAL TASKS RECORDED ON DA FORM 67-9-1a AND QUARTERLY FOLLOW-UP COUNSELINGS CONDUCTED?   ☐ YES   ☐ NO   ☒

DA FORM 67-9, OCT 97      REPLACES DA FORM 67-8, 1 SEP 79, WHICH IS OBSOLETE, 1 OCT 97      USAPA V2.00

MAY 3 1 2000

0 2 JUN 2000

000442

| NAME SANGAR, VIJAY | SSN | PERIOD COVERED 19981001 — 19991111 |

**PART V - PERFORMANCE AND POTENTIAL EVALUATION (Rater)**

a. EVALUATE THE RATED OFFICER'S PERFORMANCE DURING THE RATING PERIOD AND HIS/HER POTENTIAL FOR PROMOTION

☐ OUTSTANDING PERFORMANCE, MUST PROMOTE  ☐ SATISFACTORY PERFORMANCE, PROMOTE  ☒ UNSATISFACTORY PERFORMANCE, DO NOT PROMOTE  ☐ OTHER (Explain)

b. COMMENT ON SPECIFIC ASPECTS OF THE PERFORMANCE AND POTENTIAL FOR PROMOTION. REFER TO PART IB, DA FORM 67-9 AND PART IVa, b, AND c DA FORM 67-9-1.

LTC Sangar was given a performance improvement plan early in the rating period. A peer review committee found his cases to be unacceptable and an oral examination given by The Surgeon General's Consultant for Nuclear Medicine found that "...LTC Sangar does not exhibit the fund of knowledge and image interpretation skills expected of a board-eligible nuclear medicine physician. This is particularly troublesome since he has had the benefit of an assignment at WRAMC, one of the strongest training programs in the country. I do not believe he should be permitted to interpret nuclear medicine imaging reports independently." A blinded evaluation by senior nuclear medicine physicians confirmed these findings. Despite multiple attempts at retraining, LTC Sangar remains fully dependent on the technologist to display studies for review. He is unable to process or manipulate studies to achieve an accurate diagnosis. His clinical privileges were suspended on 5 February 1999 by the Credentials Committee on the basis that he is not competent to perform duties as a Nuclear Medicine Staff Physician. Following a series of hearings, the Commander of the Walter Reed Health Care System formally revoked LTC Sangar's clinical privileges on 11 November 1999. LTC Sangar has limited potential for promotion and future service in the Army Medical Corps.

c. IDENTIFY ANY UNIQUE PROFESSIONAL SKILLS OR AREAS OF EXPERTISE OF VALUE TO THE ARMY THAT THIS OFFICER POSSESSES. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.

**PART VI - INTERMEDIATE RATER**

**PART VII -SENIOR RATER**

a. EVALUATE THE RATED OFFICER'S PROMOTION POTENTIAL TO THE NEXT HIGHER GRADE

I currently senior **40** officer(s) in this grade

A completed DA Form 67-9-1 was received with this report and considered in my evaluation and review  ☐ YES  ☒ NO (Explain in d)

☐ BEST QUALIFIED  ☐ FULLY QUALIFIED  ☒ DO NOT PROMOTE  ☐ OTHER (Explain below)

b. POTENTIAL COMPARED WITH OFFICERS SENIOR RATED IN SAME GRADE (OVERPRINTED BY DA)

HQDA COMPARISON OF THE SENIOR RATER'S PROFILE AND BOX CHECK AT THE TIME THIS REPORT PROCESSED

*BELOW CENTER OF MASS DO NOT RETAIN*

RO: LTC SANGAR VIJAY

SR: COL PHILLIPS YANCY Y

DATE: 2000 06 02

TOTAL RATINGS: 77

RATINGS THIS OFFICER: 2

c. COMMENT ON PERFORMANCE/POTENTIAL

LTC Sangar's privileges were revoked by the Commander based on evaluations by the Surgeon General's Consultant in Nuclear Medicine and independent peer providers. He continues to be under medical care for a chronic neurological disorder and will require a Medical Evaluation Board. His clinical privileges to practice nuclear medicine have been revoked and he has very little potential to practice at the sub-specialty level. Officer did not submit DA Form 67-9-1. LTC Sangar was counseled on performance expectations in writing by rater and verbally by senior rater.

d. LIST 3 FUTURE ASSIGNMENTS FOR WHICH THIS OFFICER IS BEST SUITED. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.

Laboratory Administrator; Clinic Administrator; Mycology Researcher

DA FORM 67-9, OCT 97 (Reverse)     USAPA V2.00

002911352 – 002          THIS IS A CERTIFIED TRUE COPY

000443

S: 8 May 2000

MCHL-DC                                                          21 April 2000

MEMORANDUM FOR  LTC Vijay Sangar, 10208 Crosshaven Court, Rockville, MD 20850

SUBJECT:  Officer Evaluation Report (OER) Referral (19981001-19991111) Sangar, Vijay, LTC,
MC████████

1.  Under the provisions of AR 623-105, paragraphs 3-32 and 3-33, the enclosed copy of DA Form
67-9 is referred for you for acknowledgement.  The specific reasons for referral are:

    a. "Relief for Cause" report part I.h.
    b. "No" responses in part IV.b.2.-1 and 3
    c. "No" response in part IV.b.3-5
    d. Negative comments in part V.a. and V.b.
    e. Negative comments in VII.a., VII.b., and VII.c.

2.  You must acknowledge receipt of the enclosed copy and may provide comments if desired.
Any comments submitted must be factual, concise, and limited to matters directly related to
evaluation on the referred report.  Enclosures to comments provided are not authorized and will be
withdrawn prior to forwarding the report, referral, acknowledgement and comments to HQDA.

3.  Should you submit comments with your acknowledgement you are advised that they will not
constitute a request for a Commander's Inquiry or Appeal.  Such requests must be submitted
separately under the provisions of AR 623-105 Chapter 6, as appropriate.

4.  Acknowledge receipt of the referred OER and submit any desired comments, by return
endorsement, in accordance with the above indicated suspense date.

YANCY Y PHILLIPS
COL, MC
Deputy Commander for Clinical Services

Enclosure

✓ I acknowledge receipt of the referred OER
___ I do not wish to submit any comments
___ Comments are attached

VIJAY SANGAR                                    May 1, 2000
LTC, MC

FY
00
Promotion

MCHL-DC                                                          24 May 2000

MEMORANDUM FOR RECORD

SUBJECT:  Officer Evaluation Report (OER) Referral (19981001-19991111) Sangar, Vijay,
LTC, MC, ███████

1.  I called LTC Sangar on 15 May 00 to see if he had any comments to submit with his OER.
LTC Sangar said that his lawyer said "no comments" would be attached.  LTC Sangar said the
corrections were satisfactory.

2.  Please note Part II.d., the block is marked "yes".  This was done because at first LTC Sangar
did want to attach comments.  After changes were made to his OER, based on his comments, he
no longer wished to submit any official comments.  I will not use correction fluid to change the
block, however there will not be comments attached.

3.  If you have any questions, please contact the undersigned at (202) 782-8397.

                                                *Carolyn Stoneburner*
                                                CAROLYN STONEBURNER
                                                DAC
                                                Secretary to the Deputy Commander
                                                  for Clinical Services

```
      FY
      00
   Promotion
```

00128906

757

5- 9

BOARDS: SS4

## OFFICER EVALUATION REPORT
For use of this form, see AR 623-105; the proponent agency is ODCSPER

*SEE PRIVACY ACT STATEMENT ON DA FORM 67-9-1*

### PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | | | e. BRANCH | f. DESIGNATED SPECIALTIES / PMOS CODE |
|---|---|---|---|---|---|---|---|
| SANGAR, VIJAY | | LTC | 1994 | 07 | 18 | MC | 60B |

| g. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND | h. REASON FOR SUBMISSION |
|---|---|
| BRAVO COMPANY, Walter Reed Army Medical Center, Washington DC 20307 MC | 05  Annual |

| i. PERIOD COVERED | | | | | | j. RATED MONTHS | k. NONRATED CODES | l. NO. OF ENCL | m. RATED OFFICER COPY (Check one and date) | | n. FSB INITIAL | o. CMD CODE | p. PSB CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | | THRU | | | 9 | P | 2 | 1. Given to Officer | | MM | | MC01 |
| Year | Month | Day | Year | Month | Day | | | | 2. Forwarded to Officer | Date | | | |
| 1997 | 10 | 01 | 1998 | 09 | 30 | | | | Y | 990423  Y | | | |

### PART II - AUTHENTICATION (Rated officer's signature verifies officer has seen completed OER Parts I-VII and the admin data is correct)

| a. NAME OF RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| BRAZAITIS, MICHAEL P | | COL | Chief, Dept of Radiology | *Michael P* | 4-19-99 |
| b. NAME OF INTERMEDIATE RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | |

| c. NAME OF SENIOR RATER (Last, First, MI) | SSN | RANK | POSITION | SIGNATURE | DATE |
|---|---|---|---|---|---|
| PHILLIPS, YANCY Y | | COL | DCCS, WRAMC | *Yancy Phillips* | 4-19-99 |

| SENIOR RATER'S ORGANIZATION | BRANCH | SENIOR RATER TELEPHONE NUMBER | e. SR EMAIL ADDRESS |
|---|---|---|---|
| Headquarters Company, WRAMC | MC | 202-782-8397 | COL_Yancy.Phillips@wramc1-amedd.army. |
| Washington DC 20307 | d. This is a referred report. Do you wish to make comments? ☒ No  ☐ Yes, comments are attached | f. SIGNATURE OF RATED OFFICER  *Vijak Sangar* | DATE  4/19/99 |

### PART III - DUTY DESCRIPTION

| a. PRINCIPAL DUTY TITLE  Staff, Nuclear Medicine Service | b. POSITION AOC/BR  60B |
|---|---|

c. SIGNIFICANT DUTIES AND RESPONSIBILITIES. REFER TO PART IVa, DA FORM 67-9-1

Serves as staff physician performing and interpreting diagnostic nuclear medicine studies, including Radioimmunoassay. Performs therapeutic nuclear medicine procedures. Provides consultation in Nuclear Medicine to referring physicians and other health care professionals. Provides instruction to Nuclear Medicine Fellows, Radiology residents, medical students, and technologists. Provides support to research protocol activities in the clinic, complete quality management programs, and utilization reviews for the Nuclear Regulatory Commission and JCAHO inspections. Performs other administrative duties as assigned by the Chief.

99
School

### PART IV - PERFORMANCE EVALUATION - PROFESSIONALISM (Rater)

CHARACTER  Disposition of the leader; combination of values, attributes, and skills affecting leader actions

a. ARMY VALUES  (Comments mandatory for all "NO" entries. Use PART Vb.)

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| 1. HONOR: Adherence to the Army's publicly declared code of values | X | | 5. RESPECT: Promotes dignity, consideration, fairness, & EO | | X |
| 2. INTEGRITY: Possesses high personal moral standards; honest in word and deed | X | | 6. SELFLESS-SERVICE: Places Army priorities before self | | X |
| 3. COURAGE: Manifests physical and moral bravery | X | | 7. DUTY: Fulfills professional, legal, and moral obligations | | X |
| 4. LOYALTY: Bears true faith and allegiance to the U.S. Constitution, the Army, the unit, and the soldier | X | | | | |

b. LEADER ATTRIBUTES / SKILLS / ACTIONS: First, mark "YES" or "NO" for each block. Second, choose a total of six that best describe the rated officer. Select one from ATTRIBUTES, two from SKILLS (Competence), and three from ACTIONS (Leadership). Place an "X" in the appropriate numbered box with optional comments in PART Vb.  Comments are mandatory in

| b.1 ATTRIBUTES (Select 1) Fundamental qualities and characteristics | X | MENTAL ☐ NO Possesses desire, will, initiative, and discipline | 2. | PHYSICAL ☒ NO Maintains appropriate level of physical fitness and military bearing | 3. | EMOTIONAL Displays self-control; calm under pressure |
|---|---|---|---|---|---|---|
| b.2 SKILLS (Competence) (Select 2) Skill development is part of self-development; prerequisite to action | X | CONCEPTUAL ☐ YES Demonstrates sound judgment, critical/creative thinking, moral reasoning | X | INTERPERSONAL ☐ YES Shows skill with people: coaching, teaching, counseling, motivating and empowering | 3. | TECHNICAL ☒ NO Possesses the necessary expertise to accomplish all tasks and functions |
| | 4. | TACTICAL  Demonstrates proficiency in required professional knowledges, judgment, and warfighting | | | | ☒ NO |
| b.3. ACTIONS (LEADERSHIP) (Select 3) Major activities leaders perform: influencing, operating, and improving | | | | | | |
| INFLUENCING Method of reaching goals while operating / improving | 1. | COMMUNICATING Displays good oral, written, and listening skills for individuals / groups | X | DECISION-MAKING ☐ NO Employ sound judgment, logical reasoning and uses resources wisely | 3. | MOTIVATING ☒ NO Inspires, motivates, and guides others toward mission accomplishment |
| OPERATING Short-term mission accomplishment | X | PLANNING ☐ NO Develops detailed, executable plans that are feasible, acceptable, and suitable | | EXECUTING ☐ YES Shows tactical proficiency, meets mission standards, and takes care of people/resources | 6. | ASSESSING ☒ NO Uses after-action and evaluation tools to facilitate consistent improvement |
| IMPROVING Long-term improvement in the Army, its people and organizations | 7. | DEVELOPING ☒ NO Invests adequate time and effort to develop individual subordinates as leaders | 8. | BUILDING ☒ NO Spends time and resources improving teams, groups and units; fosters ethical climate | X | LEARNING Seeks self-improvement and organizational growth; envisioning, adapting and leading |

| c. APFT: PROFILE | DATE: APR 1998 | HEIGHT: 70 | WEIGHT: 175 | YES |
|---|---|---|---|---|

| d. JUNIOR OFFICER DEVELOPMENT - MANDATORY YES OR NO ENTRY FOR RATERS OF LTs AND WO1s. WERE DEVELOPMENTAL TASKS RECORDED ON DA FORM 67-9-1a AND QUARTERLY FOLLOW-UP COUNSELINGS CONDUCTED? | YES | NO | X |
|---|---|---|---|

| DA FORM 67-9, OCT 97 | REPLACES DA FORM 67-8, 1 SEP 79, WHICH IS OBSOLETE, 1 OCT 87 | USAPA V2.00 |
|---|---|---|

2 6 APR 1999

| NAME SANGAR, VIJAY | SSN | PERIOD COVERED 19971001 | — | 19980930 |

## PART V - PERFORMANCE AND POTENTIAL EVALUATION (Rater)

**a. EVALUATE THE RATED OFFICER'S PERFORMANCE DURING THE RATING PERIOD AND HIS/HER POTENTIAL FOR PROMOTION**

| ☐ OUTSTANDING PERFORMANCE, MUST PROMOTE | ☒ SATISFACTORY PERFORMANCE, PROMOTE | ☐ UNSATISFACTORY PERFORMANCE, DO NOT PROMOTE | ☐ OTHER (Explain) |

**b. COMMENT ON SPECIFIC ASPECTS OF THE PERFORMANCE AND POTENTIAL FOR PROMOTION. REFER TO PART III, DA FORM 67-9 AND PART IVa, b, AND c DA FORM 67-9-1.**

LTC Sangar's performance during this rating period has been encumbered by significant medical illness, including prolonged hospitalization, convalescence, and on-going slow recovery and rehabilitation. His physical stamina has been markedly reduced, reflecting on all aspects of his clinical performance. Although he has returned to duty, LTC Sangar remains in a limited capacity. His prolonged and repeated absence in a clinical environment has also adversely affected his re-acclimation and return to full duty. Before, during, and after hospitalization, he received remedial training and performed under clinical supervision. This remedial program continues to date. His potential for future assignments in an independent clinical role will be determined by ongoing reassessment of his professional skills.

**c. IDENTIFY ANY UNIQUE PROFESSIONAL SKILLS OR AREAS OF EXPERTISE OF VALUE TO THE ARMY THAT THIS OFFICER POSSESSES. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.**

## PART VI - INTERMEDIATE RATER

## PART VII - SENIOR RATER

**a. EVALUATE THE RATED OFFICER'S PROMOTION POTENTIAL TO THE NEXT HIGHER GRADE**

I currently senior ___30___ officer(s) in this grade. A completed DA Form 67-9-1 was received with this report and considered in my evaluation and review. ☒ YES ☐ NO (Explain in c)

| ☐ BEST QUALIFIED | ☒ FULLY QUALIFIED | ☐ DO NOT PROMOTE | ☐ OTHER (Explain below) |

**b. POTENTIAL COMPARED WITH OFFICERS SENIOR RATED IN SAME GRADE (OVERPRINTED BY DA) HQDA COMPARISON OF THE SENIOR RATER'S PROFILE AND BOX CHECK AT THE TIME THIS REPORT PROCESSED**

*BELOW CENTER OF MASS RETAIN*

RO: LTC SANGAR VIJAY

SR: COL PHILLIPS YANCY Y

DATE: 1999 04 26

TOTAL RATINGS: 30

RATINGS THIS OFFICER: 1

**c. COMMENT ON PERFORMANCE/POTENTIAL**

As a result of his significant medical condition, LTC Sangar's performance and potential as a leader, builder or motivator have not been demonstrated. Additionally, his technical skills and ability to execute plans have been impaired, likely as a result of this medical condition. With perseverance, diligence, and attention to detail, LTC Sangar has the potential to acquire full clinical status and satisfactory performance.

**d. LIST 3 FUTURE ASSIGNMENTS FOR WHICH THIS OFFICER IS BEST SUITED. FOR ARMY COMPETITIVE CATEGORY CPT THROUGH LTC, ALSO INDICATE A POTENTIAL CAREER FIELD FOR FUTURE SERVICE.**

Clinic Officer in Charge, Staff Physician at Medical Center, General Medical Officer

DA FORM 67-9, OCT 97 (Reverse)                                    USAPA V2.00



**DEPARTMENT OF THE ARMY**
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC   20307-5001

REPLY TO
ATTENTION OF:

S: 19 April 1999

MCHL-DC

25 March 1999

MEMORANDUM FOR LTC Vijay Sangar

SUBJECT: Officer Evaluation Report (OER) Referral (19971001-19980930).  (Sangar, Vijay, LTC, MC, 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

1.  Under the provisions of AR 623-105, paragraph 3-32 and 3-33, the enclosed copy of DA Form 67-9 is referred to you for acknowledgement.  The specific reasons for referral are:

    a.  "No" responses in part IV b.2 and 3.
    b.  Negative comments in Vb.

2.  You must acknowledge receipt of the enclosed copy and may provide comments if desired.  Any comments submitted must be factual, concise, and limited to matters directly related to the evaluation on the referred report.  Enclosures to comments provided are not authorized and will be withdrawn prior to forwarding the report, referral, acknowledgment and comments to HQDA.

3.  Should you submit comments with your acknowledgement you are advised that they will not constitute a request for a Commander's Inquiry or Appeal.  Such requests must be submitted separately under the provisions of AR 623-105, Chapter 6, as appropriate.

4.  Acknowledge receipt of the referred OER and submit any desired comments, by return endorsement, in accordance with the above indicated suspense date.

YANCY Y PHILLIPS
COL, MC
Deputy Commander for Clinical Services

99
School

Enclosure

I acknowledge receipt of the referred OER
    ___ I do not wish to submit any comments.
    ___ Comments are attached.

VIJAY SANGAR
LTC, MC

19 April 1999

MEMORANDUM FOR:    COL Yancy Phillips
                  DCCS
                  WRAMC

        SUBJECT:    Comments Re:
                    Referred OER

1.  I am of the view that my alleged medical condition alluded to in the Referred OER is nonexistent and that my lack of competency is equally nonexistent.

2.  I certainly have no inclination to provide substandard care, but believe that this entire matter has more to do with a conflicted staff circumstance, than ability or execution.

3.  I am about to undergo more medical testing in an effort to obtain definitive clinical results regarding any cognitive loss.

4.  I wish now merely to note that this OER is markedly late and there is no assurance that the information contained within it is accurate for the rating period. It is inherently flawed in that regard as the close out date is September 1998. Much has occurred since then and there is no way of knowing that the information presented in this OER was not generated subsequent to its close out date.

Respectfully submitted,

*[signature]*

Vijay Sangar
LTC, MC

For use of this form, see AR 623-105; proponent
agency is US Army Military Personnel Center.

## PART I – ADMINISTRATIVE DATA

| a. LAST NAME - FIRST NAME - MIDDLE INITIAL | b. SSN | c. GRADE | d. DATE OF RANK | | | e. BR | f. DESIGNATED SPECIALTIES | g. PMOS(WO) | h. STA CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | Year | Month | Day | | | | |
| SANGAR, VIJAY KUMAR | ▓▓▓ | LTC | 94 | 07 | 18 | MC | 60B | | 11933 |

| i. UNIT, ORGANIZATION, STATION, ZIP CODE OR APO, MAJOR COMMAND | j. REASON FOR SUBMISSION | k. COMD CODE |
|---|---|---|
| B CO, WRAMC                          MC<br>WASHINGTON, D.C.  20307-5001 | 03   Change of Rater | MM |

| l. PERIOD COVERED | | | | | | m. NO. OF MONTHS | n. MILPO CODE | o. RATED OFFICER COPY (Check one and date) | p. FORWARDING ADDRESS |
|---|---|---|---|---|---|---|---|---|---|
| FROM | | | THRU | | | | | | |
| Year | Month | Day | Year | Month | Day | 11 | MC01 | ☐ 1. GIVEN TO OFFICER<br>☒ 2. FORWARDED TO OFFICER<br>25 Sep 97 | 10208 CROSS HAVEN COURT<br>ROCKVILLE, MD  20850 |
| 96 | 07 | 21 | 97 | 06 | 30 | | | | |

q. EXPLANATION OF NONRATED PERIODS

## PART II – AUTHENTICATION (Rated officer signature verifies PART I data and RATING OFFICIALS ONLY)

| a. NAME OF RATER (Last, First, MI) | SSN | SIGNATURE | |
|---|---|---|---|
| CARAVALHO, JOSEPH JR. | ▓▓▓ | Joseph Caravalho | |
| GRADE, BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | DATE |
| LTC, MC, B CO, WRAMC, WASHINGTON, D.C.  20307-5001   STAFF, NUC MED SVC | | | 30 JUN 97 |

| b. NAME OF INTERMEDIATE RATER (Last, First, MI) | SSN | SIGNATURE | | DATE |
|---|---|---|---|---|
| | | | | |
| GRADE, BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | | |

| c. NAME OF SENIOR RATER (Last, First, MI) | SSN | SIGNATURE | | DATE |
|---|---|---|---|---|
| RODRIGUEZ, ANA A. | ▓▓▓ | ☐ Ana A. Rodriguez | | 30 June 97 |
| GRADE, BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | | |
| COL, MC, B CO, WRAMC, WASHINGTON, D.C.  20307-5001   CHIEF, NUC MED SVC | | | | |

| d. SIGNATURE OF RATED OFFICER | DATE | e. DATE ENTERED ON DA FORM 2-1 | f. RATED OFFICER MPO INITIALS | g. SR MPO INITIALS | h. NO. OF INCL'S |
|---|---|---|---|---|---|
| Vijay K. Sangar M.D. | 6/30/97 | | (initials) | | 3 |

## PART III – DUTY DESCRIPTION (Rater)

| a. PRINCIPAL DUTY TITLE  NUCLEAR MEDICINE PHYSICIAN | b. SSI/MOS 60B |
|---|---|

c. REFER TO PART IIIa, DA FORM 67-8-1    Nuclear Medicine Physician performing all available diagnostic and therapeutic studies.  Interpret all diagnostic studies.  Instruct Radiology residents and Nuclear Medicine fellow.  Provide consultation to referring physicians and other allied health care providers about study efficacy, accuracy, and availability.  Provide lectures, and case discussions for Radiology residents and to the Nuclear Medicine Service physician and technologist staff.  Participate in research projects, papers, and discussions.  Serve as member of the Service Quality Assurance Committee (Radioiodine Therapy and Utilization Review Committees).  Perform other administrative functions assigned by the Chief, Nuclear Medicine Service.

## PART IV – PERFORMANCE EVALUATION – PROFESSIONALISM (Rater)

a. PROFESSIONAL COMPETENCE   *(In items 1 through 14 below, indicate the degree of agreement with the following statements as bring descriptive of the rated officer.  Any comments may be reflected in b below.)*

HIGH DEGREE → LOW DEGREE   1  2  3  4  5

| | | | | | |
|---|---|---|---|---|---|
| 1. Possesses capacity to acquire knowledge/grasp concepts | 1 | 8. Displays sound judgment | | | 1 |
| 2. Demonstrates appropriate knowledge and expertise in assigned tasks | 2 | 9. Seeks self-improvement | | | 1 |
| 3. Maintains appropriate level of physical fitness   PASS 9705 | 1 | 10. Is adaptable to changing situations | | | 1 |
| 4. Motivates, challenges and develops subordinates | 2 | 11. Sets and enforces high standards | | | 1 |
| 5. Performs under physical and mental stress | 1 | 12. Possesses military bearing and appearance   71/174   YES | | | 1 |
| 6. Encourages candor and frankness in subordinates | 1 | 13. Supports EO/EEO | | | 1 |
| 7. Clear and concise in written communication | 1 | 14. Clear and concise in oral communication | | | 1 |

b. PROFESSIONAL ETHICS (Comment on any area where the rated officer is particularly outstanding or needs improvement)

1. DEDICATION
2. RESPONSIBILITY
3. LOYALTY
4. DISCIPLINE
5. INTEGRITY
6. MORAL COURAGE
7. SELFLESSNESS
8. MORAL STANDARDS

a.1,5,9,10.  LTC Sangar has improved his interpretative and computer utilization skills.
a.2,5,9.  LTC Sangar successfully completed the Command and General Staff College coursework by correspondence while also studying diligently for the 1996 American Board of Nuclear Medicine certifying examination.
b.1,4,5,6,8.  LTC Sangar has shown remarkable determination and perseverance as he prepares for the 1997 Board of Nuclear Medicine certifying examination under trying conditions.

DA FORM 67-8, 1 SEP 79    REPLACES DA FORM 67-7, 1 JAN 73, WHICH IS OBSOLETE, 1 NOV 79.    US ARMY OFFICER EVALUATION REPORT

000450

PERIOD COVERED 960721 - 970630

**PART V — PERFORMANCE AND POTENTIAL EVALUATION** (Rater)

a. RATED OFFICER'S NAME  SANGAR, VIJAY KUMAR                                    SSN

RATED OFFICER IS ASSIGNED IN ONE OF HIS/HER DESIGNATED SPECIALTIES/MOS  [X] YES  [ ] NO

b. PERFORMANCE DURING THIS RATING PERIOD. REFER TO PART III, DA FORM 67-8 AND PART III a, b, AND c, DA FORM 67-8-1

| [ ] ALWAYS EXCEEDED REQUIREMENTS | [X] USUALLY EXCEEDED REQUIREMENTS | [ ] MET REQUIREMENTS | [ ] OFTEN FAILED REQUIREMENTS | [ ] USUALLY FAILED REQUIREMENTS |

c. COMMENT ON SPECIFIC ASPECTS OF THE PERFORMANCE. REFER TO PART III, DA FORM 67-8 AND PART III a, b, AND c, DA FORM 67-8-1. DO NOT USE FOR COMMENTS ON POTENTIAL!

    LTC Sangar has improved during the last year.  He has been involved in the
lecture series given to the clinic personnel and radiology residents; at the Second Annual
WRAMC Radiopharmacy Short Course; and at the weekly multi-specialty Thyroid Conferences.
During the first quarter of this annual rating period he spent much of his free time
divided between preparing for the American Board of Nuclear Medicine certifying examination
and successful completion of the Command & General Staff College correspondence course.  He
has become comfortable with the many computer systems used in the clinic, all new to him
since arriving at this assignment.  He has shown noteworthy intestinal fortitude and moral
courage following an unsuccessful bid at passing the recent certifying examination.  He has
taken on additional duties to enhance his abilities for the next examination.  He contributes
to the day-to-day functioning of the Nuclear Medicine Service, with additional duties as head
of the Radioiodine Therapy and Utilization Review Programs. He is the principal investigator
of an ongoing retrospective Nuclear Endocrinology protocol. He is a co-investigator of other
intramural prospective studies. In additional, he has worked as a medical monitor of an
outside research protocol.

d. THIS OFFICER'S POTENTIAL FOR PROMOTION TO THE NEXT HIGHER GRADE IS

| [ ] PROMOTE AHEAD OF CONTEMPORARIES | [X] PROMOTE WITH CONTEMPORARIES | [ ] DO NOT PROMOTE | [ ] OTHER (Explain below) |

e. COMMENT ON POTENTIAL    LTC Sangar's improvement demonstrates the capability to contribute as a
Nuclear Medicine specialist. His military and educational experience also makes him
well-suited for administration within any clinical setting. He is a career oriented, morally
sound officer who should be considered for continued staff positions within the AMEDD
system.

**PART VI — INTERMEDIATE RATER**

a. COMMENTS

**PART VII — SENIOR RATER**

a. POTENTIAL EVALUATION (See Chapter 4, AR 623-105)

SR

[ ] ( ) RCE LTC
[X] ( ) SANGAR VIJ
[ ] ( )
[ ] ( ) SR1 CCC
[ ] ( ) RCERI

[ ] ( ) CATE STICKS
[ ] ( )
[ ] ( ) TOTAL OFF
[ ] ( ) RATED

A COMPLETED DA FORM 67-8-1 WAS RECEIVED WITH THIS REPORT AND CONSIDERED IN MY EVALUATION AND REVIEW  [X] YES  [ ] NO (Explain in b)

b. COMMENTS    I concur with the rater's comments. LTC Sangar has made
efforts to integrate himself into the education process by
providing lectures for the four training programs in Nuclear
Medicine. He has actively participated in the Quality Assurance
program maintaining the Radioiodine Therapy and Utilization
monitors in an efficient and meticulous fashion. During this
rating period he successfully completed Command and General
Staff College Course. He is an active participant in clinical
research and is the principal investigator of an ongoing
retrospective Nuclear Endocrinology protocol. LTC Sangar's
abilities are best utilized in a MEDDAC clinic.

1989-261-871/02582





DEPARTMENT OF THE ARMY
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC   20307-5001

REPLY TO
ATTENTION OF:

MCHL-XN                                                                      3 September 1997

MEMORANDUM FOR:  LTC Vijay Kumar Sangar

SUBJECT:  Referred Officer Evaluation Report (OER)

1.  This memorandum is to inform you that your acknowledgment and any comments you wish to make concerning your Referred Officer Evaluation Report (OER) must be completed and returned to me NLT 22 September 1997.

2.  This is a follow up to the memorandum dated 28 July 1997 which you received and signed for on 31 July 1997. The original memorandum had a response date of NLT 11 August 1997, which you failed to meet.  After speaking to MILPO it was evident that you misinterpreted the information they provided you concerning the request for an extension, therefore, I will give you until the above date to respond if you choose to do so.

3.  If your response has not been received by the date stated above, the Referred Officer Evaluation Report packet will be forwarded to MILPO without your comments.

Ana A. Rodriguez
COL MC
Chief, Nuclear medicine Service

000452

STATEMENT                                    September 22,1997


1.   I have read paragraph 4-27 AR 623-105.  In accordance with that this OER should not be a referred OER.

2.   I would  like to point out an obvious contradiction.  The rater seems to be commending me about " demonstrating appropriate knowledge and expertise in assigned tasks" as recorded in part IV-b.  Ironically, the senior rater in her letter dated 28th July 1997, gives the impression that I have failed to demonstrate knowledge of assigned tasks.  This is amounting to saying that I have no knowledge of the subject matter.

3.   In a true sense , I had no subordinates in the clinic to whom I was responsible to motivate , challenge, and develop.  The three subordinates I was supposed to rate , in fact their evaluation reports were written by the senior rater herself and I was called in her office to sign these at the spot in the past.


                                    Vijay K Sangar
                                    LTC, MC
                                    Nuclear Medicine Staff



DEPARTMENT OF THE ARMY
WALTER REED ARMY MEDICAL CENTER
WASHINGTON, DC   20307-5001

REPLY TO
ATTENTION OF:
MCHL-XN

28 July 1997

MEMORANDUM FOR LTC Vijay Kumar Sangar

FROM:  COL Ana A. Rodriguez

SUBJECT:  Referred Officer Evaluation Report (OER)


1.  In accordance with paragraph 4-27, AR 623-105, the enclosed copy of the OER for the period of 960721 thru 970630 is referred to you for acknowledgement and/or optional comments.  You are advised that your comments do not constitute an appeal or a Commander's Inquiry.  The appeal procedure is outlined in 'Chapter 9, AR 623-105.  The reason for the referral is stated as follows:

- Failure to demonstrate appropriate knowledge and level of expertise expected from you as a member of the teaching staff in Nuclear Medicine.
- Inability to motivate, challenge and develop subordinates.

2.  Your acknowledgement and any comments must be completed and returned to me NLT August 11, 1997.


Encl


        REFERRED OFFICER EVALUATION REPORT RECEIPT ACKNOWLEDGEMENT

I received a copy of my referred report.

        ( ) No comments are made nor forwarded
        (✗) Comments are attached. I am aware that comments do not
            constitute an appeal.

SIGNATURE  _____

DATE  _____

000454

# REPORT TO SUSPEND FAVORABLE PERSONNEL ACTIONS (FLAG)
For use of this form, see AR 600-8-2; the proponent agency is MILPERCEN.

## SECTION I - ADMINISTRATIVE DATA

| 1. NAME *(Last, First, MI)* | 2. SSN | 3. RANK |
|---|---|---|
| SANGAR, VIJAY K. | ▮▮▮▮▮▮ | LTC |

| 4. | 5. ETS/ESA/MRD |
|---|---|
| ☒ On active duty  ☐ Not on active duty  ☐ On ADT | |

| 6. UNIT ASSIGNED AND ARMY MAJOR COMMAND | 7. STATION *(Geographical location)* |
|---|---|
| B Company, Walter Reed Army Medical Center | Washington, DC 20307 |

8. PSC CONTROLLING FLAGGING ACTION AND TELEPHONE NUMBER

9. THIS ACTION IS TO:

☒ Initiate a flag *(Sections II and V only)*    ☐ Transfer a flag *(Sections III and V only)*    ☐ Remove flag *(Sections IV and V only)*

## SECTION II - INITIATE A FLAG

10. ☒ A FLAG IS INITIATED, EFFECTIVE   26 March 2002   FOR THE FOLLOWING REASON:

**NON-TRANSFERABLE**

☐ Adverse action (A)

☐ Elimination - field initiated (B)

☐ Removal from selection list - field initiated (C)

☐ Referred OER (D)

☐ Security violation (E)

☒ HQDA use only - elimination or removal from selection list (F)

**TRANSFERABLE**

☐ APFT failure (J)

☐ Weight control program (K)

## SECTION III - TRANSFER A FLAG

11. ☐ A FLAG IS TRANSFERED FOR THE FOLLOWING REASON:

☐ Adverse action - HQDA directed reassignment (G)    ☐ APFT failure (J)

☐ Adverse action - punishment phase (H)    ☐ Weight control program (K)

☐ Supporting documents attached?  ☐ Yes  ☐ No

## SECTION IV - REMOVE A FLAG

12. ☐ A FLAG IS REMOVED, EFFECTIVE _____ FOR THE FOLLOWING REASON:

☐ Case closed favorably (C)    ☐ Soldier transferred to a different Army component or discharged while case in process *(destroy case file)* (E)

☐ Disciplinary action taken (D)    ☐ Other final action (E)

## SECTION V - AUTHENTICATION

DISTRIBUTION
1 - Unit Commander    1 - F&AO
1 - PSC    1 - Commander, gaining unit *(transfer flag only)*

| NAME, RANK, TITLE, AND ORGANIZATION | SIGNATURE | DATE |
|---|---|---|
| DALE E. DeBRULER, LTC, Chief, Retirements and Separations Branch | *[signature]* | 26 March 2002 |

DA FORM 268, JUN 87    EDITION OF 1 JAN 80 IS OBSOLETE.    USAPPC V1.00

000455

RCS PSD6*-01

**OFFICER RECORD BRIEF**

AR600-8-104

CMAAOF- Z3

PCN ZDO-016
ZDFHSBL1

000456

| DESKSIDE 2900 | BRIEF DATE 20020722 | CRFLD DESIGNATION | CRFLD DESIGNATION DATE | CNTL BRANCH MC BR DTL EXPIRES | COMPONENT RA | AD GRADE-ADOR LTC 19940718 | SSN | NAME SANGAR VIJAY KUMAR |
|---|---|---|---|---|---|---|---|---|

| SECTION I - ASSIGNMENT INFORMATION | SECTION II - SECURITY DATA | SECTION III - SERVICE DATA | SECTION IV - PERSONAL FAMILY DATA |
|---|---|---|---|

**OVERSEAS DUTY** | INVEST NONE

| YRMO RTN | CTRY | MONTH | TCS | NUMBER OF TOURS | | BASC | CURRENT PPN | EAD CURRENT TOUR | DATE OF BIRTH | BIRTHPLACE |
|---|---|---|---|---|---|---|---|---|---|---|

STEINV        CTFSCC
19880719    D5    19880718    IN    INDIA

| | | | SHORT | LONG | BASC DATE OF 2-FT 19880713 | BASIC YR GP | SOURCE OF ORIG APT DAP | COUNTRY OF CIT IN | SEX/RECAT M/ASIAN/PAC ISL |

DROS NA    DROS NA    SECT NONE

**SECTION V - FOREIGN LANGUAGE**

CONUS DEPARTURE DATE

| | MO/DAYS AFCS 170/13 | MO/AFS 170 | TYPE OF ORIG APT USAR | NO DEPENDENT ADULTS/CHILDREN 01/02 | RELIGION HINDU |

| | LANGUAGE | READ | LISTEN | | | CURR SVC AGRMT/EXPR DATE | DATE OF PROJ/MAND RET 20060103 | MARITAL STATUS MARRIED | SP BIRTHPLACE/CIT INDIA   /IN |

DATE DEPENDENTS ARRIVE OS

CAREER FIELD INFORMATION - COMMISSIONED/AMEDD/WARRANT

2 LT-WO1   1 LT-CW2   CPT-CW3   MAJ-CW4   PULSE/DATE 133112/199504   HEIGHT/WEIGHT 63/154

| 1 CODE/MEDMOS SI/PMOS | FNCTNL AREA CD/MEDMOS 2/SMOS | DLAT | PDOR | | | 19880718 | HOME OF RECORD AT EAD MISSOURI |
| 60B9B | | | | LTC-CW5 | COL | BG | MG | MAILING ADDRESS |
| ek AOC/MEDMOS 3/PMOS SQI | FNCTNL AREA AOC/SMOS SQI | | 19940718 | | | | | 101 CORD COURT |

**SECT. VI - MILITARY EDUCATION**

MEL 4 (CSC GRAD)    PDOR    WAYNESVILLE    MO
65583-0000

| SKILLS | | | | COURSE | YEAR | 2 LT | LTG | | GEN | |
|---|---|---|---|---|---|---|---|---|---|---|

BASIC BRANCH/PMOS NUC MED OFCR

| FUNCTIONAL AREA 5MOS | | | CMD GEN STAFF COLLEGE | 1996 | **SECT. VII - CIVILIAN EDUCATION** | **SECT. X - REMARKS** |

| CAREER TRACK | SINGLE | DUAL | AMEDD OFFICER ADV | 1992 | LEVEL COMPLETED PROFESSIONAL | |
| PRIMACY | BRANCH | FUNCTIONAL AREA | AMEDD OFF BASIC | 1988 | INSTITUTION ZZ, DR U SANTO DOMINGO | ASSIGNMENT CONSIDERATIONS- |
| PREV BRANCH/MOS | | | CBT CASULTY CRS (AMEDD | 1988 | DISCIPLINE GENERAL MEDICNE  MD  G  YR 1984 | PHYSICAL LIMITATIONS |
| PREV FUNCTIONAL AREA | | | | | INSTITUTION KS, U KS, LAWRENCE | |
| CONTROL CAREER MANAGEMENT FIELD 60B9B | | | | | DISCIPLINE MED MICROBIOL    PHD  G  YR 1970 | |
| PROJECTED CAREER MANAGEMENT FIELD 60B9B | | | | | INSTITUTION ZZ, IN PUNJAB U | |
| GEOGRAPHIC ORIENTATION | | | | | DISCIPLINE BIOLOGY SCIEN    MS  G  YR 1966 | |

**AVIATOR QUALIFICATIONS**

**SECT. VIII - AWARDS AND DECORATIONS**

ASED            TOFDG AS OF
ARCOM-01

| PILOT STATUS | AIRCRAFT | QUAL | AIRCRAFT | QUAL | AIRCRAFT | QUAL | AIRCRAFT | QUAL |
|---|---|---|---|---|---|---|---|---|

NDSM -01
ASR -01

RATING DATE

DATE LAST PHOTO 199212

| DATE OF AVAILABILITY 199908 | DATE OF LAST PCS 19950802 | **SECTION IX - ASSIGNMENT HISTORY** | DATE OF LAST DER 20011111 | ORG ZIP CODE 20307 |

RESIDENCY, FELLOWSHIP, INTERN
HOSPITAL          MO YR
MED SPECIALTY
R U OF MO MEDICAL CTR CO  36 88
NUCLEAR MEDICINE (

| ASGT | FROM | MO | UNIT NO | ORGANIZATION | STATION | LOC | COMD | DUTY TITLE | DMOS |
|---|---|---|---|---|---|---|---|---|---|
| PROG | | | | | | | | | |
| CURRENT | 19950814 | | W2DH | W REED AMC CO B | WALTER RE | 7DC | MC | NUCLEAR MEDICINE SVC | 60B000000 |
| 1ST PREV | 19940301 | 67 | W1ML | USA MEDDAC | FT LEOWOOD | 5MO | MC | CH RADIOLOGY DIV | 60B000000 |
| 2ND PREV | 19880816 | 66 | W1ML | USA MEDDAC | FT LEOWOOD | 5MO | MC | CH NUCLEAR MEDICINE SVC | 60B000000 |
| 3RD PREV | | | | | | | | | |
| 4TH PREV | | | | | | | | | |
| 5TH PREV | | | | | | | | | |
| 6TH PREV | | | | | | | | | |
| 7TH PREV | | | | | | | | | |
| 8TH PREV | | | | | | | | | |
| 9TH PREV | | | | | | | | | |
| 10TH PREV | | | | | | | | | |
| 11TH PREV | | | | | | | | | |
| 12TH PREV | | | | | | | | | |
| 13TH PREV | | | | | | | | | |
| 14TH PREV | | | | | | | | | |
| 15TH PREV | | | | | | | | | |
| 16TH PREV | | | | | | | | | |
| 17TH PREV | | | | | | | | | |
| 18TH PREV | | | | | | | | | |
| 19TH PREV | | | | | | | | | |

I DEACONESS HOSPITAL ST  18 86
NUCLEAR MEDICINE (

AM BOARD CERTIFICATION
SPECIALTY                    YR
NUCLEAR MEDICINE (RADIO 2000
NUCLEAR MEDICINE (RADIO 1989

RGMT AFL: ARMY MED REG

PRINT CONTROL-    2    RECSTA:G    PPA:KW    CURUPC:2DH02    MPCAD:O    PSC-CODE:MC01

FOR Commander, U.S. Total Army Personnel Command, 200 Stovall
     Street, ATTN:  TAPC-PDT-PM, Alexandria, VA  22332-0479

SUBJECT:  Recommendation for Involuntary Release from Active
Duty

1.  I have received your memorandum recommending my involuntary
separation from active duty.

2.  I will/will not make a statement or submit a rebuttal
in my behalf.  My statement/rebuttal is enclosed.

Encl

Signature: _Vijay K Sangai_

Name: _Vijay K Sangai_

Rank: _LTC_    Branch: _MC_

SSN: _█████████_

Date: _4/25/2002_

000457



**DEPARTMENT OF THE ARMY**
North Atlantic Regional Medical Command
And
Walter Reed Army Medical Center
Washington, DC 20307-5001

MCAT-JA(600-8-24)

MEMORANDUM FOR Commander, Walter Reed Army Medical Center, Washington, DC
20307-5001

SUBJECT: Initiation of Elimination

1. I have received a copy of the memorandum recommending my involuntary separation from
active duty along with any supporting documents.

2. I understand that IAW AR 600-8-24, chapter 4-19, I have until _25th May_ 2002, (30)
thirty calendar days from the date of notification to make a statement or submit a rebuttal in my
behalf.

3. I (will) (will not) make a statement or submit a rebuttal in my behalf.

4. I further understand that I have the right to be represented by legally qualified counsel. Such
counsel may be a civilian attorney of my choice, provided at no expense to the government, a
qualified military lawyer of my selection, if reasonably available, or a qualified military counsel
detailed to me. Military counsel is available at **Trial Defense Services, Fort Myer, VA, (703)
696-6700**. There is no cost to me for military counsel.

5. I will forward any statements or rebuttal in my behalf to Sergeant Cindy A. Cobham, Criminal
Law Division, Office of the Center Judge Advocate, Walter Reed Army Medical Center,
Washington, DC 20307-5001, (202) 782-1672.

VIJAY K. SANGAR
LTC, USA

Date: _4/25/2002_

Signed in the presence of:

**MARCUS B. SIMON**
CPT, JA
**Trial Counsel**

**000458**

# FRANK J. SPINNER
**Attorney at Law**
P.O. Box 38463
Colorado Springs, CO 80937

(719) 576-1175 / Fax (719) 576-1193

May 22, 2002

Major General Lawrence R. Adair
Commanding General
U.S. Total Army Personnel Command
Alexandria, VA 22332-0478

RE: LTC Vijay Sangar, M.D.

Dear General Adair,

      I represent LTC Vijay Sangar. You recently notified him that he was identified to show cause for retention on active duty. We request that instead of elimination action, you take whatever action is necessary to see that LTC Sangar is reassigned to another Army medical facility where he can resume practice in the field of nuclear medicine under appropriate supervision. Documents attached to this letter and the results of a recent Physical Evaluation Board (PEB) justify this action.

      On 14 February 2002 the United States Army Physical Disability Agency issued a letter reporting the approval of findings rendered by the PEB, to the effect that LTC Sangar is "fit for active service." In 1999 LTC Sangar's clinical privileges at Walter Reed were revoked because of his previously diagnosed physical disability. In October 2000, however, he became Board Certified in Nuclear Medicine. In 2001 independent civilian experts in psychiatry, neuropsychology, and forensic psychology reviewed his medical file. On 8 October 2001 Dr. George A. Brown, a psychiatrist and professor in psychiatry, personally examined LTC Sangar. His findings, along with those of Rex A. Frank, Ph.D., and Joseph D. Eubanks, Ph.D., which were presented to the PEB, indicate that LTC Sangar should be returned to duty in the field of nuclear medicine. All three experts testified telephonically at the PEB.

      Additionally, based on their findings, LTC Sangar's medical license in Missouri was recently renewed and is valid until 31 January 2004. On 20 December 2001 LTC Sangar's application to practice medicine in Virginia was granted, subject to passing the Special Purpose Exam (SPEX) within a six-month period, a routine requirement for doctors who have not practiced medicine for a period of time. Thus, it appears that two state medical licensing authorities are satisfied that LTC Sangar has recovered from the medical condition that led to the 1999 revocation of privileges.

**000459**

Close scrutiny of LTC Sangar's performance reports, which you referenced as the basis for initiating elimination action, reveals that he was not permitted to perform duties in the field of nuclear medicine because of his diagnosed physical disability and related loss of credentials. He should have been treated and rehabilitated as an impaired provider, but was not. Through personal effort and desire he has recovered and demonstrated that he can practice nuclear medicine as a board certified doctor. Now that the disability no longer exists, as confirmed by the Physical Disability Agency, the just and appropriate action would be to return LTC Sangar to his chosen field of practice to prove that he can meet or exceed Army standards.

I would be more than happy to meet with anyone in the Army chain of command to discuss the history of LTC Sangar's case. It seems to me that it would be a waste of Army time and resources to take this case to a Board of Inquiry. One Army Agency has declared LTC Sangar fit for duty as of this year. I hope that the rest of the Army can abide by and support that decision.

Sincerely,

FRANK J. SPINNER



**DEPARTMENT OF THE ARMY**
MADIGAN ARMY MEDICAL CENTER
TACOMA, WASHINGTON 98431-1100

REPLY TO
ATTENTION OF:

MCHJ-QCR  (40-68)                                                     25 September 2003

MEMORANDUM FOR  Vijay Sangar, LTC, MC, Dept of Radiology/Nuclear Medicine

SUBJECT:  Notification of Appointment/Privileging Status

1.  Based on review and recommendation by the Credentials Committee and approval by the Commander, Madigan Army Medical Center, clinical privileges and appointment were granted to you as defined in enclosures.

2.  You were granted **Regular Privileges under Supervision with an Affiliate Appointment to the Medical Staff for the period 25 September 2003 thru 5 May 2005 on an ICTB.**

3.  If you accept the appointment/privileges, please sign at the bottom of this memorandum. **Return the signed memorandum** *(without enclosures)* **to the Credentials Office as soon as possible.**  Privileges for the period noted above cannot be exercised until this notification letter has been signed and returned.  A copy of this memorandum and enclosures has been provided for your records.

4.  If your privileges were not approved as requested or you disagree with the findings, you have the right to appeal the Credentials Committee recommendation to the Commander within 10 days, IAW AR 40-68.  However, without acknowledgement of agreement, privileges for the above time period may not be exercised.

Jessie Rios
Credentials Technician

Enclosures

1st End

FOR  Credentials Management Office, Madigan Army Medical Center, Tacoma, 98431

I agree with the review of the Credentials Committee and the appointment/privileges awarded by the Commander on 25 September 2003.

Signature                                      Date 9/25/03

Printed on Recycled Paper

**000461**

000462



State of Missouri

Department of Economic Development
Division of Professional Registration
Missouri State Board of Registration for the Healing Arts
Physician and Surgeon

VALID THROUGH JANUARY 31, 2008
ORIGINAL CERTIFICATE/LICENSE NO.

VIJAY K SANGAR, M.D.
WALTER REED ARMY HOSPITAL  NEUCLEAR
6825 16TH STREET NW
WASHINGTON  DC  20307
USA

EXECUTIVE DIRECTOR

DIVISION DIRECTOR

**National Practitioner Data Bank**
**Healthcare Integrity and Protection Data Bank**
P.O. Box 10832
Chantilly, VA 20153–0832

www.npdb–hipdb.com

CN#: 5500000019881719
Process Date: 12/07/2000
Page: 1  of  2

# ADVERSE ACTION REPORT
## TITLE IV CLINICAL PRIVILEGES ACTION

Report # 5500000019881719

This report is maintained in:      [ X ] **The National Practitioner Data Bank**

[ ] **The Healthcare Integrity and Protection Data Bank**

The information contained in this report is maintained by the National Practitioner Data Bank, for restricted use under the provisions of Title IV of Public Law 99–660, as amended, and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. For additional information or clarification, contact the reporting entity identified in Section A.

| | |
|---|---|
| **A. REPORTING ENTITY IDENTIFICATION** | Entity/Source Name: UNITED STATES ARMY MEDICAL COMMAND |
| | Address: 2050 WORTH RD MCHO-Q |
| | BLDG 2792 RM 104 |
| | City, State, ZIP: FT SAM HOUSTON, TX 78234-6010 |

Authorized Submitter's Name: JANIS S SCHWEIGER
Authorized Submitter's Title: QUALITY ASSURANCE ASSISTANT
Authorized Submitter's Telephone: 210-221-6195

Type of Report: AAR INITIAL REPORT

| | |
|---|---|
| **B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)** | Subject Name: SANGAR, VIJAY K. |
| | Other Name(s) Used: |
| | Gender: MALE |
| | Date of Birth: █████████ |

Home Address: 10208 CROSS HAVEN COURT
City, State, ZIP: ROCKVILLE, MD  20850
Country:

Organization Name: WALTER REED ARMY MEDICAL CENTER
Work Address: 6825 16TH STREET NW
City, State, ZIP: WASHINGTON, DC  20307-5001
Country:

Organization Type:

Deceased: NO
Date of Death:

Federal Employer Identification Number (FEIN)(s):

Social Security Number(s): ████████████

National Provider Identifier (NPI)(s):

School(s) & Year(s) of Graduation : UNIVERSIDAD MUNDIAL DOMINICANA (1984)

Occupation/Field of Licensure (Code): ALLOPATHIC PHYSICIANS (MD) (010)

State License Number, State of Licensure: MD R4H68, MO

**CONFIDENTIAL DOCUMENT – FOR AUTHORIZED USE ONLY**

**
**

000463

**National Practitioner Data Bank**
**Healthcare Integrity and Protection Data Bank**
P.O. Box 10832
Chantilly, VA 20153–0832

www.npdb–hipdb.com

DCN#: 5500000019881719
Process Date: 12/07/2000
Page: 2  of  2

Drug Enforcement Administration (DEA) Number(s):

Unique Physician Identification Number (UPIN)(s):

| C. INFORMATION REPORTED | | |
|---|---|---|
| Type of Adverse Action: | TITLE IV CLINICAL PRIVILEGES |
| Name of Agency or Program that took the Adverse Action Specified in this Report: | |
| Adverse Action Classification Code: | REVOCATION OF CLINICAL PRIVILEGES (1610) |
| Date Action was taken: | 11/30/2000 |
| Date Action became Effective: | 11/30/2000 |
| Length of Action: | PERMANENT |
| Years: | |
| Months: | |
| Days: | |
| Total Amount of Monetary Penalty, Assessment and/or Restitution: | |
| Is Subject Automatically Reinstated after Adverse Action Period is Completed?: | |
| Narrative Description of Act(s) or Omission(s) or other Reasons for Action taken: | COGNITIVE IMPAIRMENT FROM DEMYELINATING DISEASE LED TO INABILITY TO PROVIDE COMPETENT MEDICAL CARE. |
| Basis for Action: | INCOMPETENCE (11) |

**D. SUBJECT STATEMENT**

If the Subject identified in Section B of this report has submitted a statement, the unedited statement appears in this section.

**E. REPORT STATUS**

An 'X' indicates that the information in this report has been:

☐ Disputed by the Subject identified in Section B.

☐ Elevated for decision by the Secretary of the U.S. Department of Health and Human Services---pending.

☐ Reviewed by the Secretary of the U.S. Department of Health and Human Services, who has made the following comment concerning the report:

Date of Original Submission:    12/07/2000

Date of Most Recent Change:    12/07/2000

**END OF REPORT**

**CONFIDENTIAL DOCUMENT – FOR AUTHORIZED USE ONLY**

**000464**



**DEPARTMENT OF THE ARMY**
U.S. ARMY PHYSICAL DISABILITY AGENCY
BUILDING 7 WRAMC
WASHINGTON DC 20307-5001

REPLY TO
ATTENTION OF

TAPD-PDB                                          14 February 2002

SANGAR, VIJAY K., LTC, ███████████

MEMORANDUM FOR Commander, Walter Reed AMC, ATTN: MCHL-PAD
                Washington, DC  20307-5000

SUBJECT:  Approval of Physical Evaluation Board Action Under
Provisions of AR 635-40

1.  The findings of the Physical Evaluation Board which convened
on  8 Feb 02 at WRAMC, Washington DC in the case of LTC Sangar are
approved.

2.  The soldier is determined fit for active duty and disposition
will be made in accordance with the provisions of paragraph 4-24,
AR 635-40.

3.  LTC Sangar has been found physically fit to perform the duties
of his/her office, grade, rank and MOS and is deployable within
the limitations of his/her profile.  In accordance with AR 40-501,
table 7-2, the MTF must modify the soldier's profile by adding a
"Y" in the code block.  Once the profile has been changed, the MTF
must redistribute the profile IAW AR 40-501, paragraph 7-11b.

4.  Ensure unit records clerk receives the updated profile IAW AR
40-501, paragraph 7-11, so that personnel records and the SIDPERS
database can be adjusted to reflect the soldier's appropriate
disposition and assignment limitations.

5.  If this soldier was scheduled for separation or retirement for
reasons other than physical disability, that separation or
retirement action may continue.  If the soldier was not scheduled
for separation or retirement for reasons other than physical
disability, the soldier should be returned to duty.

BY ORDER OF THE SECRETARY OF THE ARMY:

                                        _J. M. Baker_, DAC
                                        JAMES O. DAVIS
                                        LTC, AG
                                        Chief, Operations Division

DISTRIBUTION:
TAPD-OEA
OFFICE COPY
TAPC-PDT-R (60B9C)

**000465**



# The American Board of Nuclear Medicine

A Member Board of the American Board
of Medical Specialties

October 20, 2000

**Chairman**
Ronald L. Van Heertum, M.D.
New York, New York

**Vice Chairman**
Robert F. Carretta, M.D
Roseville, California

**Secretary-Treasurer**
Martin L. Nusynowitz, M.D.
Galveston, Texas

Eva V. Dubovsky, M.D.
Birmingham, Alabama

Michael M. Graham, M.D.
Iowa City, Iowa

Lawrence E. Holder, M.D.
Baltimore, Maryland

Alan H. Maurer, M.D.
Philadelphia, Pennsylvania

David C. Price, M.D.
San Francisco, California

Martin P. Sandler, M.B., Ch.B.
Nashville, Tennessee

Edward B. Silberstein, M.D.
Cincinnati, Ohio

Andrew T. Taylor, M.D.
Atlanta, Georgia

S. Ted Treves, M.D.
Boston, Massachusetts


**Executive Director**
William H. Blahd, M.D.
Los Angeles, California

**Associate Executive Director**
Heinrich R. Schelbert, M.D.
Los Angeles, California

**Administrator**
Gloria W. Gorden, M.P.H.
Los Angeles, California


Please Address All
Communication To:

900 Veteran Avenue
Los Angeles, CA 90024-1786
Telephone (310) 825-6787
Fax (310) 825-9433

05362
SANGAR, VIJAY KUMAR

Dear Doctor:

With great pleasure the American Board of Nuclear Medicine informs you that you have passed its September 9, 2000 certifying examination in the broad field of nuclear medicine and are now recognized as a certified specialist in nuclear medicine. A certificate indicating this recognition will be sent to you in the near future. The American Board of Nuclear Medicine congratulates you upon your achievement and this recognition.

The scores below indicate your performance in the ten content areas of the certification examination. Your percent correct score and the percent correct score for all candidates is shown. This provides the opportunity to compare your performance with all candidates in 2000. The Board hopes this information will be useful to you.

| Content Area | Percent Answered Correctly | Mean % Correct For All Takers |
|---|---|---|
| Musculo-Skeletal | 83 | 70 |
| Cardiovascular | 61 | 61 |
| Endocrine | 61 | 67 |
| Gastrointestinal | 72 | 71 |
| Hematopoietic | 60 | 72 |
| Oncology | 72 | 64 |
| Neurology | 44 | 56 |
| Pulmonary | 59 | 68 |
| Genitourinary | 53 | 62 |
| Basic Science | 56 | 63 |

Very sincerely yours,

Ronald L. Van Heertum, M.D.
Chairman

**000466**

**FRANK J. SPINNER**
**Attorney at Law**
**7035 Campus Drive, Suite 904**
**Colorado Springs, CO 80920**

**(719) 598-6494 / Fax (719) 598-6009**

May 29, 2003

COL Thomas Fitzpatrick
DCCS
Walter Reed Army Medical Center
Washington, DC 20307-5001

RE: LTC Vijay Sangar, MD

Dear Colonel Fitzpatrick,

      I am writing on behalf of LTC Vijay Sangar, a doctor serving under your command. Recently, he was given notice that he would be sent to Madigan Army Medical Center for the purpose of completing a relatively intensive and brief program of retraining in the field of nuclear medicine. As you know, I have been representing Dr. Sangar over the last number of years with respect to his service in the Army medical community. Dr. Sangar asked for my assistance in evaluating the retraining program.

      Based on that request, I communicated with Dr. Lawrence E. Holder, MD, FACR, who has previously testified as an expert witness on behalf of Dr. Sangar and who is very familiar with Dr. Sangar's situation. He committed to review the proposed retraining program to determine whether it was consistent with standard medical education in similar cases where a doctor has not practiced in his field for a number of years. Dr. Holder responded with the attached letter, in which he recommends a much longer period of retraining, one that would extend at least one year.

      Additionally, I reviewed Army Regulation 40-68 to determine whether it addresses this type of retraining. Paragraph 4.2.A.a.(4) indicates that practitioners who have been in nonclinical administrative positions for more than one year and then return to clinical practice will be given "provisional privileges, regardless of the reason for the nonclinical service." Subparagraph (a) adds that the period of provisional privileges will last one year. The remaining subparagraphs provide more guidance on how privileges will be reviewed during and at the end of the provisional period.

      Based on Dr. Holder's recommendation and the guidance of AR 40-68, it would appear appropriate to modify the retraining program and to consider, given the one-year length of provisional retraining, a different location than Madigan Army Medical Center. My goal is

**000467**

simply to assist Dr. Sangar in obtaining a retraining program consistent with the needs of the Army, Army regulations and standard practice within the medical community.

Sincerely,

FRANK J. SPINNER

Lawrence E. Holder MD, FACR
P.O. Box 3216
Ponte Vedra Beach, Florida 32004-3216
Telephone: 904 285 3011
Cellular Telephone: 410 382 3880
Email: leholder@earthlink.net

5/23/2003

Frank J. Spinner
Attorney at Law
7035 Campus Drive, Suite 904
Colorado Springs, CO 80920

Dear Mr. Spinner:

I was pleased to learn that your client, Dr. Vijay Sangar, will begin
working again in Nuclear Medicine, and that the army will provide him
with an opportunity to refresh his clinical skills after having been away
from active practice for almost 5 years. You asked that I suggest an
appropriate reentry program for him. Based upon my experience as a
Nuclear Medicine Residency Program Director, a member of the
ACGME's RRC for Nuclear Medicine and as a member of the Board
of the American Board of Nuclear Medicine I have outlined such a
program below. I will be happy to discuss this further with you or with
the preceptor or preceptors chosen by the army. It is based on the
concept of progressive independence and responsibility. I am going
to assume that this program would be accomplished at a single
institution.

Month 1 and 2:  Orientation to the clinical environment, including the
nuclear medicine and diagnostic imaging sections as well as the
hospital's clinical sections. During these two months Dr. Sangar
would familiarize himself with the new equipment in the department,
current study protocols, and observe readout sessions to develop an
understanding of how the department communicates with referring
physicians and how they integrate correlative imaging into clinical
practice. If the facility has an active residency program he should
participate in all resident conferences, didactic lectures and other
activities.

000469

Months 3 and 4: Dr. Sangar would take an active part in patient evaluations, monitoring of general studies and patient examination reporting. He would share in the patient workload with any residents or staff. During this period there is intense staff physician supervision and oversight. He would be expected to provide preliminary study observations and conclusions for presentation to the staff physician in charge of readout, and then dictate the final observations and conclusion. At the end of month 3 and again at the end of month 4 written performance feedback should be supplied, followed by discussion and suggestions for improvement.

Months 5 and 6: During this period Dr. Sangar should participate in cardiovascular nuclear medicine procedures, including supervision of pharmacologic and exercise stress testing and study interpretations. He should participate in all of the unusual or less common studies that come to the department during this period. Dr. Sangar will continue to participate in readout as is months 3 and 4, and will also receive monthly performance feedback as in those months. He should attend conferences in which the department participates, such as M and M, tumor board, etc.

Months 7 and 8: If PET imaging is available Dr. Sangar should become actively involved in this modality, including data acquisition, processing and study interpretation. Correlative cross sectional imaging is important here. If possible some time should be allotted to participation with active observation in body imaging within the diagnostic radiology section. During these months Dr. Sangar will begin taking consult calls from referring physicians and help plan appropriate studies. Supervision continues with continued written monthly performance feedback. It would be expected that during this period Dr. Sangar's preliminary observations would require little modification by the staff radiologist at readout.

Months 9 and 10: Dr. Sangar should begin representing the Nuclear Medicine section at conferences, with responsibility for preparing the cases to be presented. During month 9 this should be done with a high level of supervision, again with written performance feedback. By month 10 he should be able to perform this function without as much direct supervision. Dr. Sangar should be able to take all

000470

consultative calls, interact with the referring physicians, physician and resident staff in nuclear medicine, and with the technologist staff. He will continue to participate in readout. If there are residents in the program, he will help them with their cases as appropriate. During month 9 or 10 Dr. Sangar's dictations could be analyzed as part of departmental CQI activities, again with performance feedback.

Months 11 and 12: During these final two months Dr. Sangar would act as a junior staff person, in preparation for his return to fully independent practice. He should be able to accept full responsibility in the department. Depending upon the results of his performance evaluation at the end of month 10, Dr. Sangar could begin independent functioning. He would be able to consult with other staff physicians, as would any staff physician with a difficult or interesting case or unusual situation. The rest of the senior staff should evaluate this period of independent work and Dr. Sangar should be given a performance evaluation at the beginning of month 12. Any areas of concern or areas in which there was only minimal clinical exposure could be reviewed during these last two months.

I hope this outline will be helpful to Dr. Sangar as he prepares to reenter our exciting specialty.

Sincerely,

Lawrence E. Holder MD

Lawrence E. Holder MD, FACNP, FACR
Mail: P.O. Box 3216
Ponte Vedra Beach, Florida 32004-3216
Telephone: 904 543 0030
Cellular Telephone: 410 382 3880
Email: leholder@earthlink.net
Courier address: 12304 Arbor Drive
Ponte Vedra Beach, Fl 32082

March 08, 2004

Frank J. Spinner Esq.
7035 Campus Drive, Suite 904
Colorado Springs, CO 80920

Re: Vijay Sanger MD

Dear Mr. Spinner:

At the request of Dr. Sangar I have reviewed a series of documents that he sent to me. They included a 4-week professional feedback on 21 Oct 2003, an 8-week performance feedback on 13 Nov 2003, a memorandum for the record about a meeting initiated by Dr. Sangar during week 6 on 31 Oct 2003, and an overall performance feedback on 23 Jan concerning the 10 weeks spent at Madigan Army Medical Center. An apparent 12-week planned rotation was shortened to 10 weeks because of Dr. Sangar's father's death. You will also remember that last year in May I learned that the army was going to provide Dr. Sangar with an opportunity to refresh his clinical skills after having been away from active practice for almost 5 years. At that time you asked that I suggest an appropriate reentry program for him and I provided an outline of a 12-month program that I believed was necessary for the situation.

I would first make some specific comments regarding the feedback items and then some general comments regarding Dr. Sangar's progress.

I.    Dr. Sangar had some initial uncertainties in utilizing the computer systems in the department; however by the 8th week his computer skills were showing marked improvement. This was to be expected from someone who had been away from the clinic for over 5 years. Similarly it was noted that over the period his efficiency and speed were improving.

000472

2

II.    There were comments suggesting that Dr. Sangar needed to be more attentive to detail in the dictated reports that he submitted (signed off on erroneous reports) with an example being a discrepancy between the body information and the impression. It was noted that Dr. Sangar was using a transcriptionist rather than the Powerscibe voice recognition software. Most users feel that Powerscibe avoids most of the problems that occur when transcription errors are not caught during the proofreading process that usually takes place hours or even days after the case review and initial dictation. This is the kind of problem that improves with time.

III.    There was a concern that Dr. Sangar provided poor description of the anatomical location of lesions, especially in the extremities, and that he omitted subtle findings on bone scans. It was noted that Dr. Sangar had been provided copies of his reports compared with the final staff verified report submitted for the patient record. I have not seen those reports so cannot directly comment.

IV.    There was also a comment that although he had a good grasp of radiopharmaceuticals, that his knowledge base in common patient drugs used to treat patients was limited, with Lasix and ACE inhibitors specifically cited. If one has not participated in the clinic in over 5 years, it would seem reasonable that it would take some time to refresh one's knowledge of those drugs used for pharmacologic interventions in nuclear medicine.

V.    There was a concern expressed that Dr. Sangar appeared to struggle while performing physical exams on thyroid glands. I am not sure what struggle means. Was he able to evaluate thyroid scans and correlate observations with the referring clinicians question regarding nodules or nodules seen on the scan?

VI.    As I read the sequential feedback items, it seems to me that Dr. Sangar is making substantial progress in refreshing his skills needed to practice clinical nuclear medicine. I am absolutely not surprised that after only 10 weeks he still has areas that need improvement. You will note that I had recommended a full year's program for him. Please note that anyone who comes into a well established clinic setting would take some time to become familiar with the preferred style of image analysis and reporting, as well as the variations in protocols from place to place.

VII.    Dr. Sangar has recently been certified as a Diplomate by the American Board of Nuclear Medicine. I fully expect that within the time period originally suggested he will be able to refresh those

000473

3

skills necessary for him to put into practice the knowledge base, image interpretation and problem solving skills he demonstrated in passing the ABNM examination.

I would be happy to review any other materials you provide, including those documenting the specific concerns raised by Drs. Balingit, Billingsley and Cote, to help guide the next months of Dr. Sangar's clinical skills refreshment program.

Sincerely,

*Lawrence E. Holder MD* 10/20/04

Lawrence E. Holder MD, FACNP, FACR
Clinical Professor of Radiology
University of Florida
Division of Nuclear Medicine
Shands Jacksonville

000474

MCHJ-RNM                                    22 September 2003

MEMORANDUM FOR LTC. V. J. Sangar

SUBJECT:  Training Requirements

Your three months in Nuclear Medicine at Madigan will consist of the following:

1.  Period of Orientation

   a.  Weeks 1 to 6:

      (1)  Two weeks orientation where you sit along side observing and listening as the resident (who is directly supervised by the staff nuclear medicine physician) or the staff physician interprets and dictates

      (2)  Four weeks where you perform interactive interpretation and clinical day-to-day activities.  During this time, you will dictate out cases with direct interactive feedback from the nuclear medicine staff.   Staff will verify all of your dictations in the same manner as a resident case.

   b.  After performing dictations for two weeks during this period, you will receive a 2-week performance feedback by the Chief of Nuclear Medicine.

2.  Period of Evaluation

   a.  Weeks 7 to 12:

      (1)  During weeks 6 thru 12, you will dictate cases on a daily basis with the watchful eye of a Nuclear Medicine Staff physician.

      (a)  Your dictations will require staff verification.

      (b)  Before a staff Nuclear Medicine physician either edits or verifies your preliminary nuclear medicine reports, your preliminary reports will first be printed to the Nuclear Medicine secretary printer.  A copy your preliminary report will be kept in Ms Jameson's office in your file.

      (2)  Once your preliminary report is printed, the responsible staff physician on the case will verify/sign out the case with any corrections if felt necessary by the staff to your dictation.  The final report signed by the staff will be printed out to Ms Jameson's office.

   b.  Both your dictated preliminary report and the final staff verified case will be retained in hard copy format in the Nuclear Medicine secretary's office.

000475

c. A second nuclear medicine staff physician who is blinded to your original interpretation and report will review the case images, interpret and dictate the case. This second report will not be filed in the patient folder but serve as an impartial reference document should disagreements in the interpretations arise.

d. If the need were to arise, a third staff will check for congruency of interpretation between the blinded and supervised readings.

3. Feedback:  At the end of your third week of evaluation, you will receive a performance feedback.

4. Your caseload should provide you with the following goals:

a. Interpret 30 cardiac SPECT cases correctly with no MAJOR deviations

b. Interpret 150 bone scan cases correctly with no MAJOR deviations.

c. Exhibit clarity of reports and communicate findings in an understandable form for referring physicians

d. Interpret five iodine scans correctly with no MAJOR deviations.

e. Management and treatment of six iodine therapy cases.

f. Compose and present at least one didactic presentation to Nuclear Medicine or Radiology.

g. Attend in house radiology conferences.

5. I agree to this orientation and evaluation plan.


Signed: _____     Date: _____
                  LTC  V. J. Sangar


MARC G. COTE, DO
COL, MC
Chief, Nuclear Medicine Service

**000476**

May 07 03 06:30p     LT   Vijay Sangar           301 51-1918           P.3
05/07/03   WED 10:09 FAX 253 968 0911       NUCLEAR MEDICINE                   @004



**DEPARTMENT OF THE ARMY**
WESTERN REGIONAL MEDICAL COMMAND
AND MADIGAN ARMY MEDICAL CENTER
TACOMA, WASHINGTON 98431-1100

REPLY TO
ATTENTION OF

MCHJ-RNM                                                      6 May 2003

MEMORANDUM THRU

DCCS, Madigan Army Medical Center, Tacoma, WA 98431
DCCS, Walter Reed Army Medical Center, Washington, D.C. 20307

FOR LTC V.J. Sangar, Nuclear Medicine Service, Walter Reed Army Medical Center,
Washington, D.C.

SUBJECT: Nuclear Medicine Rotation at Madigan Army Medical Center

1. My staff and I would like to extend a warm welcome from the Nuclear Medicine Service,
Madigan Army Medical Center and the great Northwest as you prepare to rotate in Nuclear
Medicine at Madigan.

2. Please sign the orientation/evaluation plan which accompanies this letter. Your signature on
this orientation/evaluation plan signifies that you agree with the orientation and evaluation
program that we have arranged for you at Madigan. After signing the agreement, you may return
the signed mentoring plan via fax and regular mail. Our FAX number is 253-968-0911.

3. In addition to the orientation and evaluation plan, I am including some information to assist you
in your stay at Madigan.

4. If you have any questions, please contact me at (253) 968-1655.

Encl                                      MARC G. COTE
                                          COL, MC
                                          Chief, Nuclear Medicine Service

Printed on Recycled Paper

**000477**

May 07 03 06:30p    LT  Vijay Sangar        301 51-1918           P.5
05/07/03  WED 10:10 FAX 253 968 0911        NUCLEAR MEDICINE

SUBJECT: Orientation/Evaluation plan for LTC V.J. Sangar

Dr Sangar, your three months in Nuclear Medicine at Madigan will consist of the following:

### A. Period of Orientation

**Weeks 1 to 6:**
- o  2 weeks orientation where you sit along side observing and listening as the resident (who is directly supervised by the staff nuclear medicine physician) or the staff physician interprets and dictates
- o  4 weeks where you perform interactive interpretation and clinical day-to-day activities. During this time, you will dictate out cases with direct interactive feedback from the nuclear medicine staff
  Staff will verify all of your dictations in same manner as a resident case.
  - ▪ After performing dictations for two weeks during this period, you will receive a two-week performance feedback by C, Nuc Med.

### B. Period of Evaluation

**Weeks 6 to 12:**
- During weeks 6 thru 12, you will dictate cases on a daily basis with the watchful eye of a Nuclear Medicine Staff physician
  - o  Your dictations will require staff verification.
    - ▪ Before a staff Nuclear Medicine physician either edits or verifies your preliminary nuclear medicine reports, your preliminary reports will first be printed out on the Nuclear Medicine secretary's printer. A copy your preliminary reports will be kept in Ms Jameson's office in your file.
    - ▪ Once your preliminary report is printed, the responsible staff physician on the case will verify/sign out the case with any corrections, if felt necessary, to your dictation. The final report signed by the staff will be printed out in Ms Jameson's office.
    - ▪ Both Dr Sangar's dictated preliminary report and the final staff verified case will be retained in hard copy format in the Nuclear Medicine secretary's office.
  - o  A second nuclear medicine staff physician who is blinded to your original interpretation and report will review the case images, interpret and dictate the case. This second report will not be filed in the patient folder, but serve as an impartial reference document should disagreements in the interpretations arise.
  - o  A third staff will check for congruency of interpretation between the blinded and supervised readings, if the need were to arise.
  - o  Feedback: At the end of your third week of evaluation, you will receive a performance feedback.

000478

Your case load should provide you with the following goal:

- o  Interpret 30 cardiac SPECT cases correctly with no MAJOR deviations
- o  Interpret 150 bone scan cases correctly with no MAJOR deviations
- o  Exhibit clarity of reports and communicate findings in an understandable form for referring physicians
- o  Interpret 5 iodine scans correctly with no MAJOR deviations
- o  Management and treatment of 6 iodine therapy cases
- o  Compose and present at least one didactic presentation to Nuclear Medicine or Radiology.
- o  Attend in house Radiology conferences

I agree to this orientation and evaluation plan.

Signed: _____          Date: _____
         LTC V. J. Sangar

**000479**

Lawrence E. Holder MD, FACNP, FACR
Mail: P.O. Box 3216
Ponte Vedra Beach, Florida 32004-3216
Telephone: 904 543 0030
Cellular Telephone: 410 382 3880
Email: leholder@earthlink.net
Courier address: 12304 Arbor Drive
Ponte Vedra Beach, Fl 32082

March 16, 2004

Frank J. Spinner Esq.
7035 Campus Drive, Suite 904
Colorado Springs, CO 80920

Re: Vijay Sanger MD

Dear Mr. Spinner:

At the request of Dr. Sangar I have reviewed a series of documents that
he sent to me. They included a 4-week professional feedback on 21 Oct
2003, an 8-week performance feedback on 13 Nov 2003, a memorandum
for the record about a meeting initiated by Dr. Sangar during week 6 on 31
Oct 2003, and an overall performance feedback on 23 Jan concerning the
10 weeks spent at Madigan Army Medical Center. An apparent 12-week
planned rotation was shortened to 10 weeks because of Dr. Sangar's
father's death. You will also remember that last year in May I learned that
the army was going to provide Dr. Sangar with an opportunity to refresh
his clinical skills after having been away from active practice for almost 5
years. At that time you asked that I suggest an appropriate reentry
program for him and I provided an outline of a 12-month program that I
believed was necessary for the situation.

I would first make some specific comments regarding the feedback items
and then some general comments regarding Dr. Sangar's progress.

I.     Dr. Sangar had some initial uncertainties in utilizing the computer
       systems in the department; however by the 8th week his computer
       skills were showing marked improvement. This was to be expected
       from someone who had been away from the clinic for over 5 years.
       Similarly it was noted that over the period his efficiency and speed
       were improving.

**000480**

2

II.     There were comments suggesting that Dr. Sangar needed to be more attentive to detail in the dictated reports that he submitted (signed off on erroneous reports) with an example being a discrepancy between the body information and the impression. It was noted that Dr. Sangar was using a transcriptionist rather than the Powerscibe voice recognition software. Most users feel that Powerscibe avoids most of the problems that occur when transcription errors are not caught during the proofreading process that usually takes place hours or even days after the case review and initial dictation. This is the kind of problem that improves with time.

III.    There was a concern that Dr. Sangar provided poor description of the anatomical location of lesions, especially in the extremities, and that he omitted subtle findings on bone scans. It was noted that Dr. Sangar had been provided copies of his reports compared with the final staff verified report submitted for the patient record. I have not seen those reports so cannot directly comment.

IV.     There was also a comment that although he had a good grasp of radiopharmaceuticals, that his knowledge base in common patient drugs used to treat patients was limited, with Lasix and ACE inhibitors specifically cited. If one has not participated in the clinic in over 5 years, it would seem reasonable that it would take some time to refresh one's knowledge of those drugs used for pharmacologic interventions in nuclear medicine.

V.      There was a concern expressed that Dr. Sangar appeared to struggle while performing physical exams on thyroid glands. I am not sure what struggle means. Was he able to evaluate thyroid scans and correlate observations with the referring clinicians question regarding nodules or nodules seen on the scan?

VI.     As I read the sequential feedback items, it seems to me that Dr. Sangar is making substantial progress in refreshing his skills needed to practice clinical nuclear medicine. I am absolutely not surprised that after only 10 weeks he still has areas that need improvement. You will note that I had recommended a full year's program for him. Please note that anyone who comes into a well established clinic setting would take some time to become familiar with the preferred style of image analysis and reporting, as well as the variations in protocols from place to place.

VII.    Dr. Sangar has recently been certified as a Diplomate by the American Board of Nuclear Medicine. I fully expect that within the time period originally suggested he will be able to refresh those

3

skills necessary for him to put into practice the knowledge base, image interpretation and problem solving skills he demonstrated in passing the ABNM examination.

I would be happy to review any other materials you provide, including those documenting the specific concerns raised by Drs. Balingit, Billingsley and Cote, to help guide the next months of Dr. Sangar's clinical skills refreshment program.

Sincerely,


Lawrence E. Holder MD, FACNP, FACR
Clinical Professor of Radiology
University of Florida
Division of Nuclear Medicine
Shands Jacksonville

000482

MCHJ-RNM                                              21 October 2003

MEMORANDUM FOR LTC Vijay Sangar

SUBJECT:  Performance Feedback

1.  This performance feedback is being completed after four weeks in Nuclear Medicne at Madigan Army Medical Center during your 12-week TDY to this Clinic.  In the first two weeks, you sat in on daily readout sessions in the Nuclear Medicine reading room with either Dr. Balingit, Billingsley or Cote.  You were afforded the opportunity to observe Nuclear Medicine Pharmacy operations with Ms Jane Carter, Nuclear Pharmacist where you reacquainted yourself with the daily operations of a Nuclear Medicine Pharmacy.  You were given formal training on accessing the computerized dictation system by Ms Cindy Hinkle in addition to training on accessing the computer network.  You continue to attend daily radiology lectures held during the lunch hour.

2.  During weeks #3 and #4, you transitioned from observing to dictating nuclear medicine exams under the supervision and tutorage of the nuclear medicine physician of the day.

3.  After two weeks of dictations, Drs Balingit, Billingsley and Cote have the following suggestions for improvement in your daily activities as a Nuclear Medicine Physician:  All three of the staff physicians have noted that you will need to be more attentive to details in your dictated reports.  Examples cited have included the need to be more specific to location of lesions in the skeleton by naming levels and anatomic location, insuring that the proper radiopharmaceutical dose is dictated into the report, and attention to grammar.  We would all encourage you to develop a pattern with computer operations, since you have continual recurring difficulties in signing on to the network and performing some of the repetitive computer tasks.  Hopefully, time and repetition will allow this to become easier.

4.  We are all encouraged by your attention, cooperation and willingness to learn.  We encourage you to continue to apply your fund of knowledge and integrate it with your observations during read out.

MARC G. COTE, DO
COL, MC
Chief, Nuclear Medicine Service
OTSG Consultant

000483

02/17/2004  14:47   20278   38                                    PAGE  07

MCHJ-RNM                                          31 October 2003

MEMORANDUM FOR RECORD

SUBJECT:  Meeting with LTC Sangar, Week 6 of 12-week (Dr Sangar initiated)

1. Dr Sangar spontaneously dropped into my office to discuss and clarify what will occur in the upcoming week, which will be week 7 of his 12-week TDY to Madigan Nuclear Medicine.

2. I asked how things went the past week while I was on TDY. Dr Sangar stated that he continues to learn despite making some mistakes. He asked for clarification on the total numbers of cases that were mentioned in the document that outlined the training and evaluation he would receive while at Madigan. I stated that the cases noted were listed as a "goal". I again emphasized to him that we three physicians found him very likable. During our meeting, I emphasized that we are attempting to give him honest feedback on all the good things he is doing as a physician. I also reminded him that he also wants us to be honest on his weaknesses, since he will ultimately be the one who has to deal with all of the pressures of practicing as an independent physician. Currently, I reminded Dr. Sangar that he is "protected" since he is practicing under one of the staff physicians. I also stated that he was only asked to interface with the Nuclear Medicine imaging network and had the luxury of a transcriptionist while others are expected to use the Powerscribe voice recognition system.

3. Additionally, I told Dr. Sangar that Drs Billingsley and Balingit have expressed concern that Dr Sangar continues to have difficulty with repetitive sequencing processes on the computer. I stated to Dr Sangar that I hoped with some more practice that his abilities on the computer would improve and that he should be able to function independently on the computer in the next several weeks. I stated that his success in Nuclear Medicine and practicing really lies in his ability to function with computers on a day-to-day basis.

4. Dr. Sangar asked about the dictation process starting next week. We discussed that the report he approves and sends to the supervising physician will be considered his final report, which would be just like the real world. Once you approve the study electronically, this is what is sent out for the record.

5. I asked Dr. Sangar if he felt that the process was fair to date. He replied that all were being fair and cordial. I inquired if he had been treated the same prior to arriving at MAMC. I stated that we were teaching and mentoring in a non-threatening manner. I stated that we were doing our best to help him. He then started to bring up that he had a medical board and prior head injury. I replied that I did not want to know of its results so that we can remain as impartial to this mentoring process as possible.

6. I empathized that it is hard on a senior physician's ego to receive criticism, but I stated that it is my opinion that I would rather hear it from a senior colleague than to become embroiled with a medical mistake and its ensuing litigation.

7. We discussed that Dr. Sangar should develop increased speed as he progresses. He admitted that he is very slow as he goes over everything "3 to 4 times". I stated that inexperienced residents have a very slow learning curve, but usually experienced physicians have a much faster learning curve since they do not have to accumulate and assimilate a basic fund of knowledge. Therefore, in the upcoming weeks I was hopeful that he would be able to realize some increased efficiencies. I said that today's practices are very busy and he would be faced in the future with an unrelenting daily workload that demands personal efficiency.

MARC G. COTE, DO
COL, MC
Chief, Nuclear Medicine Service

000484

MC:HJ-RNM                                                    13 November 2003

MEMORANDUM FOR LTC Vijay Sangar

SUBJECT: Performance Feedback on Completion of Week #8 of 12-week MAMC
         Rotation

1. This performance feed back is being completed after eight full weeks in Nuclear Medicine at Madigan Army MEDCEN during your 12-week TDY to this clinic. On 13 November 2003 you met with Doctors Balingit, Billingsley and Cote in a conference held to offer you collective feedback on your nuclear medicine performance to date. The meeting was held in Dr. Cote's office to discuss strengths and weaknesses observed by the three staff physicians as you complete your second week of solo dictations.

2. Dr. Cote began by stating that the purpose of the meeting was to offer constructive feedback to Dr. Sangar and to serve as a forum where Dr. Sangar can offer feedback to all of the involved nuclear medicine physicians on what we can do to further assist him during his rotation at Madigan. Speaking for the three staff physicians, Dr. Cote again reiterated their understanding and appreciation of how difficult it must be for an experienced physician to receive feedback on their performance. Dr. Cote discussed that it is the goal of all of the nuclear medicine staff physicians at MAMC to see Dr. Sangar succeed; however, this must be tempered by elements of patient safety. Dr. Cote asked Dr. Sangar how his experience has been to date and whether he felt that he is being treated fairly by all of the staff. Dr. Sangar stated that his rotation at Madigan is exceeding his expectations and that he is finding Drs Balingit, Billingsley and Cote helpful and willing to teach. Dr. Sangar stated that he initially had reservations on coming to Madigan for his rotation, but since his arrival, his fears about the rotation have subsided in view of our positive approach in our interactions with him. Dr. Cote then asked Dr. Sangar how he felt he was doing in his rotation. Dr.. Sangar replied that he has learned a lot in a helpful, positive and teaching environment similar to his initial residency years ago. When questioned if he felt that he was ready for independent practice, Dr.Sangar stated that he realizes that he has a "ways to go", but is very encouraged.

3. Dr. Cote stated that he has noticed a marked improvement in Dr. Sangar's computer skills since his first week. Examples from the first week including difficulty in logging on the network systems were touched up on. Dr. Cote continued that Dr. Sangar is now navigating through the display screens. Dr. Cote also stated that bone scan interpretation has improved, but that further work on Dr. Sangars part is needed by being more descriptive of the location and extent of lesions. Dr. Cote also encouraged Dr. Sangar to be more specific as to bone locations in the extremities or ribs. Methods to improve in anatomic location by utilizing the charts and diagrams displayed in the reading room were suggested. Suggestions to use accepted known anatomical terms such as anterior axillary line, etc., were suggested. Dr. Cote said that he has observed that Dr. Sangar at times appears confused when confronted with a new screen display. We discussed the example of the wrong studies being selected on the computer by Dr. Sangar but not recognized at first by Dr. Sangar. Specific examples including displaying the same cardiac study on itself, or not recognizing that the stress and rest images were switched were mentioned. Dr. Cote also discussed and reviewed how cardiac lesions should be described so that the clinician can develop a mental picture of the geographical extent and severity of the coronary artery lesion. Dr. Cote said that overall work efficiency and speed has improved during the last several weeks.

4. Dr. Balingit spoke next and stated that he too has noticed an improvement in computer skills and interpretation, but stated that Dr. Sangar is not yet where he needs to be to practice independently. Dr. Balingit stated that he has noticed that Dr. Sangar appears to have difficulty in localizing the anatomical location of lesions. Dr. Balingit also suggested the use of the teaching graphics/props in the reading room. Dr. Sangar acknowledged that all of the physicians on a day-to-day basis have encouraged him to avail himself of the anatomy graphics on display in the reading room. Dr. Balingit stated that he has observed on several occasions that Dr. Sangar did not recognize when cardiac study image reversals occur on the display screen despite clear labeling of the image set by the computer on the screen. Dr. Balingit encouraged him to pay careful attention to details and the information being presented before him on the screen. In addition,

Dr. Balingit emphasized the need to review and question data that technologists present to him if the data does not make common sense. An example of a dictation where Dr. Sangar dictated a heart rate of 240 in a 55-year despite heart rates in the low 100s was given. Dr. Balingit discussed that Dr. Sangar should review renal scan utilized terms that are familiar to the clinicians.

4. Dr. Billingsley started his session by complementing Dr. Sangar on his improving speed and efficiency. Dr. Billingsley also discussed that he, Dr. Billingsley, has a strong personality that over the years can sometimes be intimidating to others, but that he is not meaning or trying to intimidate Dr. Sangar. Dr. Billingsley briefly discussed how the intensity of practice has increased over the recent years and that the clinical demands and workloads are unrelenting in modern medicine. Dr. Billingsley asked Dr. Sangar to be introspective as to his strengths and weaknesses. Dr. Billingsley expressed to Dr. Sangar that it was his personal observation that Dr. Sangar at times appears to exhibit processing difficulty and confusion at times when confronted with serial tasks that need to be performed in order to visualize and interpret the images before him.

5. Dr. Billingsley also discussed the content of Dr. Sangar's reports stating that the grammar needs considerable improvement. Dr. Balingit contributed that he found Dr. Sangar's reports hard to follow and confusing. Dr. Sangar stated that he would consider obtaining an English tutor. Dr. Cote suggested that the Army education centers including the one located at Ft Lewis have free courses and teaching modules available should he chose to utilize them.

6. Dr. Cote asked that the group meet together in approximately one week so that an ongoing dialogue may continue and afford Dr. Sangar the opportunity to continue to improve and sharpen his skills.

MARC G. COTE, DO
COL, MC
Chief, Nuclear Medicine Service

000486

PAGE  02



**DEPARTMENT OF THE ARMY**
MADIGAN ARMY MEDICAL CENTER
TACOMA, WASHINGTON 98431-1100

REPLY TO
ATTENTION OF:

MCHJ-RNM                                                    23 January 2004

MEMORANDUM THRU  Deputy Commander for Clinical Services, Madigan Army
Medical Center, Tacoma, WA  98431

FOR  Deputy Commander for Clinical Services, Walter Reed Army Medical Center, 6900
Georgia Avenue, Washington, DC  20307-5001

SUBJECT:  Nuclear Medicine Performance Feedback LTC Vijay Sangar

1.  This memorandum reviews the overall performance of LTC Vijay Sangar during his
TDY to Nuclear Medicine at Madigan Army Medical Center from 22 September through
2 December 2003.  Of the scheduled 12 weeks, the final two weeks were truncated by the
need of LTC Sangar to attend the funeral of his father overseas.  This memo summarizes
the mentoring and tutoring followed by the clinical performance evaluation that was
conducted at the request of Colonel Thomas Fitzpatrick, DCCS and Chairman of the
Credentials Committee, Walter Reed Army Medical Center (WRAMC), Washington,
DC.  Prior to this summary memorandum, interim memos were written and supplied to
LTC Sangar (copies enclosed).

2.  The 12-week rotation at MAMC was designed to first provide six weeks of refresher
training and refamiliarization for an experienced board certified physician with many
years of Nuclear Medicine practice.  Weeks 7 through 12 were designed to assess the
potential to practice independently and assess any limitations.  Prior to his arrival, LTC
Sangar reviewed and discussed the proposal with Colonel Fitzpatrick at WRAMC.  A
copy of the proposal, signed by LTC Sangar, is enclosed.

3.  Upon the arrival of LTC Sangar at MAMC, he received the standard classroom
training for physicians in computer network access conducted by the Automation
Management Office at MAMC.  He received individualized training on the computer
dictation system (Powerscribe) conducted by the Powerscribe Supervisor, Ms. Cindy
Hinkle.  Individualized training was provided to LTC Sangar on Nuclear Regulatory
Commission updates by Mr. Dan Rice, MAMC Radiation Protection Officer.  In addition,
during the first six weeks, LTC Sangar received individualized training and instruction
from the Nuclear Medicine staff physicians.  LTC Sangar was granted credentials with
supervision by the MAMC Credentials Committee.

4.  During the first two weeks, LTC Sangar observed daily clinic operations and sat in on
the daily readout sessions in the Nuclear Medicine reading room with either Doctors

Printed on ♻ Recycled Paper

**000487**

MCHJ-RNM
SUBJECT:  Nuclear Medicine Performance Feedback LTC Vijay Sangar

Balingit, Billingsley or Cote.  LTC Sangar also spent time with Ms. Jane Carter, Nuclear
Pharmacist, refreshing himself on nuclear pharmacy operations and regulatory
requirements as they pertain to the practice of Nuclear Medicine.  He received training on
accessing the computer networks at MAMC in the New Employee Orientation sessions.
In addition to nuclear medicine refresher training and mentoring, LTC Sangar attended
the daily noon radiology didactic presentations.

5.  During weeks three through six, LTC Sangar was transitioned from observing to
dictating nuclear medicine exams under the supervision and tutorage of the nuclear
medicine physician-of-the-day.  He participated and examined patients or administered
medication with the attending physician-of-the-day present at the exam table.

6.  Each day LTC Sangar received personal feedback from the attending physician.  On
many occasions LTC Sangar met with all three staff physicians for group feedback where
suggestions were made to aid in his performance.  Memos from these meetings are
enclosed.  During these sessions Doctors Balingit and Cote made very clear to LTC
Sangar that his electronic reports represented his cumulative efforts from interpretation of
the study to communicating his findings to the referring physicians.  LTC Sangar was also
reminded on several occasions that these reports would represent his best efforts.

7.  The performance of LTC Sangar during his last three weeks at MAMC manifested
several areas of concern.  While he had a grasp of radiopharmaceuticals, his knowledge
base in common patient drugs used to treat patients was limited.  This was of concern in
view of the adverse synergistic effects that drugs such as Furosemide and ace inhibitors
can have on patient hemodynamics.  LTC Sangar demonstrated a cordial, respectful
demeanor with patients; however, he appeared to struggle while performing physical
exams on thyroid glands when assessing palpable thyroid nodules.

8.  All three staff physicians requested repeatedly that LTC Sangar be more specific on
his reports as to the description and location of lesions and their clinical significance.
LTC Sangar's reports gave a general description of the lesion making it difficult for a
radiologist or clinician to visualize the area and significance of the concern.  Throughout
the rotation of LTC Sangar, all three staff physicians expressed their concern over his
poor description of the anatomical location of lesions, especially in the extremities.
During his final week at MAMC, LTC Sangar still omitted subtle findings on bone scans
that one would not expect an experienced physician to omit after intensive mentoring,
even after a sabbatical from practice.  LTC Sangar was provided with extensive feedback
on his performance in scan interpretation including copies of his reports compared with
the final staff verified report submitted for the patient record.

2

000488

MCHJ-RNM
SUBJECT:  Nuclear Medicine Performance Feedback LTC Vijay Sangar

9.  It is our professional opinion that LTC Sangar has difficulty dealing with the details of scan interpretation.  This opinion is based on several observations.  Occasionally LTC Sangar would fail to recognize he had selected the incorrect images on the computer screen for interpretation.  He submitted multiple erroneous reports he had proofread and submitted as the final report for staff review and electronic verification.  One example was a hepatobiliary study where LTC Sangar stated obstruction in the body of the report but reported as a normal study in his final impression.  Doctors Balingit and Billingsley emphasized that LTC Sangar proofread his transcribed reports carefully as they are the reports submitted to clinicians for use in evaluating the patient.

10.  LTC Sangar is a pleasant physician who availed himself of the learning opportunities at MAMC.  However, based on our observations of his performance, we do not feel that LTC Sangar can practice independently at this time.  It is our opinion that his knowledge of anatomy and current pharmaceuticals is weak.  We are concerned about his interpretative skills and the proofreading of reports.  Based on our collective observations, we are unsure that a formal, structured mentoring program would be sufficient to improve his performance.

Concur/Nonconcur

ANTONIO G. BALINGIT, MD
LTC, MC
Nuclear Medicine Service

Concur/Nonconcur

JEROME L. BILLINGSLEY, MD
Nuclear Medicine Service

Concur/Nonconcur

MARC G. COTE, DO
COL, MC
Chief, Nuclear Medicine Service
OTSG Consultant

Enclosures

3

000489

JUL-7-2004  22:51  FROM:GARY MYERS          603-529-3009-       TO:7465880          P.2/4
07/06/2004  08:13    2027    950

Walter Reed AMC

**PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS**
For use of this form, use AR 635-40; the proponent agency is USAPDA

| 1. NAME (Last, First, Middle Initial)<br>Sangar, Vijay K. | | | 2. RANK<br>LTC | 3. PEBD:    88.07.19 | BASD:    88.07.19 |
|---|---|---|---|---|---|
| 4. SOCIAL SECURITY NUMBER | 5. PMOS<br>6080C | 6. BRANCH / COMPONENT<br>MC/Active Duty Regular Army | | c. Intentional misconduct, willful<br>neglect or unauthorized absence | |

| 7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT B | | d. While entitled to basic pay<br>(incurred or aggravated) |
|---|---|---|
| DATE CONVENED<br>02.02.08 | AT (Location including ZIP Code)<br>Washington PEB, Washington DC 20307-5001 | e. In LD in the time of national<br>emergency or after 14 SEP 78<br>(incurred or aggravated) |

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS.
EACH DISABILITY IS LISTED BELOW in descending order of significance

f. Proximate result of performing duty

| VA CODE<br>a | DISABILITY DESCRIPTION<br>b. | g. Recommended disability percentage | | | | |
|---|---|---|---|---|---|---|
| | | c | d | e | f | g |
| | Having considered all of the available evidence and the testimony presented at your formal hearing, the PEB concludes that you do not presently have any functional impairment which would prevent satisfactory performance of your duties.<br><br>The PEB specifically notes that you successfully completed the specialty board certification in nuclear medicine in September 2000 and that your Missouri state medical license was renewed in January 2002. The most recent evaluation by Dr. George A. Brown (M.D., FAPA) (psychiatrist and neurologist) indicates that you have fully recovered from your neurological condition that was present in 1998-99, when you were diagnosed with a cognitive disorder secondary to Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) and steroid treatment. Mental status examination and focused neurological examination on 8 October 2007 were normal with the possible exception of subtle weakness in the interosseous muscle of the nondominant hand. You did not meet any criteria for a mental disease or disorder and had no psychiatric diagnosis.<br><br>The PEB finds you fit for duty in your current grade and specialty.<br><br>      * * *    F O R M A L    B O A R D    * * *<br><br>You are advised that a member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he/she has. | | | | | |

9. THE BOARD FINDS THE SOLDIER IS PHYSICALLY FIT

AND THAT THE SOLDIER'S DISPOSITION BE: Returned to duty as fit

10. Not applicable

| 11. EXHIBITS (identify each) | | |
|---|---|---|
| A. Appointing Orders | E. Adverse Action Stmt | I. Transmittal |
| B. Medical Board Proceedings | F. ORB | J. Health Record |
| C. Profile | G. LES | |
| D. Commander's Statement | H. OER | |

12. Not applicable

FORM 199, JUN. 97

000490

JUL-7-2004  22:55  FROM:GARY    SPS          603-529-3009            T  7465890          P.3/4

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    Continued...

| 13. ELECTION OF SOLDIER   USE DA FORM 199-1, JUN. 90. |
|---|

| 14. Not applicable |
|---|

| 15. FOR FORMAL HEARINGS: |
|---|

a. THE SOLDIER ELECTED  X  TO APPEAR ___ NOT TO APPEAR, AND  DID  APPEAR.

b. THE SOLDIER WAS REPRESENTED BY THE REGULARLY APPOINTED COUNSEL, OR INDIVIDUAL COUNSEL SELECTED BY THE SOLDIER AS INDICATED

IN EXHIBIT ___9___ . THE COUNSEL'S NAME IS Mr. Frank Spinner, CPT Geraldine Chanel (Co-Counsel)

c. IF THE SOLDIER'S CASE WAS REFERRED FROM ANOTHER STATION, THE PHYSICAL EVALUATION BOARD LIAISON OFFICER'S NAME IS

_____

d. IF THE SOLDIER WAS NOT PRESENT BECAUSE HE IS A DELETERIOUS TYPE CASE, OR OTHERWISE UNABLE TO COOPERATE IN A REQUIRED FORMAL

HEARING, _____                          ___ WAS ___ WAS NOT
                        (Next-of-kin or guardian)

PRESENT TO REPRESENT HIS/HER INTERESTS, NEXT-OF-KIN OR GUARDIAN'S ELECTION IS AT EXHIBIT _____ .

e. TRANSCRIPT ___ IS  X  IS NOT REQUIRED.

| RECORDER | REPORTER | INTERPRETER (if any) |
|---|---|---|
| LTC James R. Martin | Ms. Anne T. Ortiz | None |

| The attached transcript of the formal hearing, if required, is a record of proceedings and is accurate and complete. |
|---|

| DATE BOARD ADJOURNED | TYPED NAME, GRADE, BRANCH OF COUNSEL | TYPED NAME, GRADE, BRANCH OF PRESIDENT |
|---|---|---|
| 02.02.08 | Mr. Frank Spinner, COC | Curtis K. Southern, LTC, IN President |
| | SIGNATURE | SIGNATURE |

DA FORM 199, JUN. 97

**000491**

**DEPARTMENT OF THE ARMY**
WALTER REED ARMY MEDICAL CENTER
WALTER REED HEALTH CARE SYSTEM
WASHINGTON, DC  20307-5001

REPLY TO
ATTENTION OF

MCHL-DC                                          16 April 2004

MEMORANDUM FOR  LTC Vijay Sangar, Walter Reed Army Medical Center,
Washington, DC

SUBJECT:  Voluntary Relinquishment of Clinical Privileges

    I request to voluntarily relinquish my clinical privileges at Walter Reed Army
Medical Center upon expiration of my current appointment.  My current initial staff
appointment and supervised privileges will expire on 5 May 2004.


                    VIJAY K. SANGAR
                    LTC, MC

000492