UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIJAY SANGAR, Ph.D, M.D., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 06-2015(CKK) |
| ) | |
| PETE GEREN, ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER OF FEBRUARY 26, 2008

COMES NOW the Plaintiff, through undersigned counsel David H. Martin, and responds to the Court's minute order of February 26, 2008.

In Plaintiff's Responses to Defendant's Material Facts, contained in Plaintiff's Opposition to the Defendants' Motion for Summary Judgment, Plaintiff noted that proffered facts 12, 13, and 15 were unsupported by documents of record.[1]

After review of the proffered documentary exhibits newly disclosed by Defendant, the Plaintiff avers as follows as to the facts proffered by Defendant:

12. This proffered fact is denied, in that the document reproduced at AR 490 is a single page drawn from a two-page fragment of a 2002 PEB board proceeding. The fragment omits several hundred pages of medical and performance records that constituted the PEB action. Moreover, the fragmented extract of the PEB is not relevant or material to the issue in this lawsuit, which is whether or not the Defendant followed its' own regulations when he

---

[1] Defendant's proffered fact 17 was unsupported by the Administrative Record, but was reflected in the documents filed by Plaintiff with the ABCMR.

1

expelled the Plaintiff from active duty in 2005 for alleged misconduct. Fed. R. Civ. P. 56(e); Fed. R. Evid. 402.

13. This proffered fact is denied. AR 490 does not indicate that the Plaintiff "underwent a mental status evaluation on October 8, 2002." Indeed, the fragment at AR 490 bears a date of 02.02.08 – February 8, 2002, some eight months prior to the alleged date of the Defendant's proffered fact. This highlights the problem with Defendant's fragmentary production of documents from a PEB – if the Defendant wishes to discuss the results of a mental status evaluation, the record of that examination itself should be produced. And as is the case with proffered fact 14, the fragmented extract of the PEB is not relevant or material to the issue in this lawsuit, which is whether or not the Defendant followed his own regulations when he expelled the Plaintiff from active duty in 2005 for alleged misconduct. Fed. R. Civ. P. 56(e); Fed. R. Evid. 402.

15. The cited pages from this proffered fact appear to be already offered by the Plaintiff in his own exhibits in support of his own Motion for Summary Judgment. The Defendant's proffered fact 15 appears to be materially no different from the Plaintiff's own facts 11-13 contained in his Statement of Material Facts. To that extent, the proffer of the Plaintiff, who in this instance is the non-moving party, should control.

Lastly, while not directly responsive to the Courts minute order, Plaintiff notes that Defendant appears to be attempting to convert the nature of the proceedings in this case. Counts One and Two of the Complaint – as well as the Plaintiff's Motion for Summary Judgment – state that this case arises under the Administrative Procedures Act, 5 U.S.C. § 702. Despite this fact, the bulk of Defendant's dispositive motion and his reply to the

opposition thereto argue that this is a *habeas corpus*[2] and mandamus action; and that Plaintiff's failure to offer argument about Defendant's discussion of the non-existent *habeas* and mandamus claims represents a "waiver" on those points. Plaintiff feels compelled to make these remarks since he does not wish his silence on any matters potentially raised in the 82 pages of newly-produced documentary exhibits proffered by Defendant to be construed by the Court or opposing counsel as admission or acknowledgement of any matter. The briefing schedule in this matter closed a year ago, and the Court has not invited the parties to make further arguments based upon these newly produced documents.

Respectfully submitted,

David H. Martin
1611 N. Kent Street, Suite 901
Arlington, VA 22209
Phone: (703) 807-1875
Fax:   (703) 807-2013
DC Bar No. 171165

---

[2] Just for the record, Plaintiff is not being held against his will by the Defendant.

## Certificate of Service

I hereby certify that on March 3, 2006 I caused a copy of the foregoing to be served by first class mail, postage prepaid, on Defendant's counsel of record:

Brian C. Baldrate
Special Assistant United States Attorney
555 Fourth Street NW
Suite E4408
Washington, D.C. 20530

                                                  David H. Martin